Lenarta ANDERSON, Plaintiff-Appellee,

v.

Willard HAYES, J. H. Burnette, Robert White and Clay County, Tennessee [Clay County, Tennessee, Defendant-Appellant].

Court of Appeals of Tennessee,
Middle Section.

June 30, 1978.

Certiorari Denied by Supreme Court
Nov. 27, 1978.

Robert L. Johnson, Gainesboro, Donald G. Dickerson, Cookeville, for plaintiff-appellee.

J. H. Reneau, Jr. and J. H. Reneau, III, Reneau & Reneau, Celina, for defendant-appellant.

OPINION

SHRIVER, Presiding Judge.

Plaintiff, Lenarta Anderson, brought suit in the Circuit Court of Clay County pursuant to the provisions of the Governmental Tort Liability Act, Sections 23–3301, et seq., T.C.A., to recover for the wrongful death of her husband, Glynn Anderson, by the alleged negligent act of a Deputy Sheriff of Clay County who, in an attempted arrest of her husband, shot and killed him.

The case was tried by Judge Thomas H. Haile without the intervention of a jury and resulted in a judgment against Clay County for $20,000.00, from which the County appealed to this Court and has assigned errors.

—The Pleadings and Facts—

Plaintiff originally sued the Deputy Sheriff, Willard Hayes, and the two sureties on his bond and Clay County. However, a non-suit was entered as to all defendants except Clay County.

The complaint charges that in December 1974, Glynn Anderson, deceased, was a passenger in an automobile driven by Norman Thomas; that Clay County Deputies, including one Willard Hayes, were attempting to stop the automobile and arrest the occupants; that the automobile ultimately stopped and Glynn Anderson ran from the automobile; that Deputy Sheriff Hayes attempted to fire a warning shot over the head of Glynn Anderson to get him to stop; that Deputy Sheriff Hayes negligently aimed his firearm; that the bullet struck Anderson in the back of the head, killing him; that the death of Anderson was due to Deputy Sheriff Hayes' negligence in aiming the pistol and in using deadly force under the circumstances of the arrest.

The foregoing allegations of fact are not in dispute.

The defendant, Clay County, in its answer asserted that it had not waived its governmental immunity and, therefore, was not subject to plaintiff's suit. It was also alleged that plaintiff had failed to give notice as required by T.C.A. § 23–3314, and that this failure was a bar to plaintiff's action, and that Anderson's death was not due to the negligence of the Deputy Sheriff but was due to his own negligence in fleeing and failing to stop after the Deputy had announced his intention to arrest him and, furthermore, that the arrest was lawful under T.C.A. § 40–803.

The answer admits that Willard Hayes was, on December 13, 1974, a duly appointed and acting Deputy Sheriff for Clay County.

With leave of Court, plaintiff amended her complaint by adding the following:

"In the alternative and not being bound by the statement in Paragraph I, plaintiff alleges that the County is liable for the negligent actions of Willard Hayes under T.C.A. § 8–833 and § 8–834.-"

Clay County answered the Amended Complaint, asserting:

"1. That the Amended Complaint was not filed within one year of the date the cause of action allegedly arose and is therefore barred by the Statute of Limitations.

2. And not waiving the defense of the Statute of Limitations, Clay County, Tennessee says that it is not liable for the acts of Willard Hayes as alleged in said Amended Complaint under the provisions of § 8–833, et seq., T.C.A."

—JUDGMENT—

On October 22, 1977, the following Judgment was entered:

"JUDGMENT

This cause came on to be heard on the 28th day of September, 1977, at Celina, Tennessee, by and before the Honorable Thomas H. Haile, Circuit Judge, upon the motion of the defendant, Clay County, Tennessee, for a jury trial. The Court, after argument of counsel, is of the opinion and so finds that the defendant is not entitled to a jury trial insofar as Counts One through Five of the complaint are concerned because said Counts are predicated upon § 23–3301, Tennessee Code Annotated, the 'Governmental Tort Liability Act' and because § 23–3319 of said Act provides that actions under the Act are to be tried without the intervention of a jury. The Court is of the further opinion and so finds that insofar as Count Six of the Amended Complaint is concerned, which count is predicated upon § 8–833, Tennessee Code Annotated, the defendant is not entitled to a jury trial

because the defendant is a governmental entity not suable at common law and therefore not guaranteed a jury trial by the Constitution of Tennessee.

Thereupon the case came on to be further and finally heard by the Court without intervention of a jury. The Court, after considering the entire record in the case, the testimony of witnesses and the argument of counsel, is of the opinion and so finds that at the time of occurrence on Friday, December 13, 1974, Willard Hayes was acting as a Deputy Sheriff of Clay County, Tennessee; that at the time of the occurrence as a Deputy he was acting by virtue of and under color of his office as Deputy Sheriff; that the Deputy's act was an act of negligence, although not an act of willful conduct or intentional wrong; that the said Glynn Anderson, deceased, was not guilty of contributory negligence and that the proximate cause of the death of Glynn Anderson was the act of negligence on the part of the Deputy Sheriff, Willard Hayes; that the defendant, Clay County, Tennessee, came within the provisions of the 'Governmental Tort Liability Act' and had not by resolution exempted itself from the provisions of said Act at the time of the alleged injury; that Clay County, Tennessee had sufficient knowledge of the occurrence that no formal written notice was necessary; that the cause of action does not fall within the exceptions as defined in § 23–3311, Tennessee Code Annotated; that the plaintiff has suffered damages in the amount of Twenty Thousand Dollars ($20,000.00) and that the cause of action accrues under the 'Governmental Tort Liability Act,' § 23–3301, Tennessee Code Annotated, and not under § 8–833, Tennessee Code Annotated. All of which is so found and adjudged.

It is therefore ORDERED and ADJUDGED by the Court that the plaintiff, Lenarta Anderson, have and recover of the defendant, Clay County, Tennessee, the sum of Twenty Thousand Dollars ($20,000.00) together with the costs of the cause.

It is further ORDERED and ADJUDGED that the cause of action set forth in Paragraph Six of the complaint as amended is dismissed.

To the foregoing action of the Court the defendant, Clay County, Tennessee, respectfully excepts and prays an appeal to the next term of the Court of Appeals at Nashville, which appeal is granted upon the defendant giving bond as provided by statute. The defendant is allowed ninety (90) days from the filing of this Judgment within which to file its Bill of Exceptions.

This 19th day of October, 1977.

/s/ Thomas H. Haile
CIRCUIT JUDGE"

The motion of defendant, Clay County, for a new trial was heard and overruled and the appeal of said defendant was duly perfected.

—Assignments of Error—

There are four assignments, as follows:

"1. The Trial Judge erred in failing to sustain appellant's plea of governmental immunity.

2. The appellee, Lenarta Anderson, failed to prove that the Governmental Tort Liability Act, Section 23–3301, et seq., T.C.A., was applicable to Clay County on December 13, 1974, the date the cause of action allegedly arose.

3. The appellee, Lenarta Anderson, failed to give the written Notice as required by Section 23–3313, T.C.A., which Notice is a condition precedent to any recovery and failure of which is a valid and complete defense to any liability a governmental entity might otherwise have.

4. The evidence preponderates against the Circuit Judge's finding of fact that the deputy was negligent in attempting to arrest Anderson and instead establishes that the arrest was lawful and that the death ensued as the result of a lawful act for which there would be no liability."

—Our Conclusions—

It is to be noted that there was no appeal from the action of the Court in dismissing the Amended Complaint which was based on liability under T.C.A. § 8–833, et seq., hence, the question raised by said Amended Complaint is not before us on this appeal.

There is no assignment of error challenging the Court's action in denying the parties a jury trial.

The statutes involved herein are contained in Chapter 33, "Governmental Tort Liability," and provide in pertinent part:

"*23–3301. Title*—This shall be known and cited as the 'Tennessee Governmental Tort Liability Act.' [Acts 1973, ch. 345]."

Section 23–3311 provides:

"*23–3311. Removal of immunity for injury caused by negligent act or omission of employees—Exceptions.*—Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury:

.      .      .      .      .

(2) arises out of false imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of privacy, or civil rights  .    .    .."

*Section 23–3313* provides that any person having a claim for injury to person or property against a governmental entity or its employee must give written notice, as provided in Section 23–3314 as a condition precedent to any recovery.

*Section 23–3314* provides that a claim against a governmental entity shall be forever barred unless notice thereof is filed within one hundred and twenty days after the cause of action arises except for injury resulting from operation of a motor vehicle. Under this section it is also provided as follows:

"This section shall not be strictly construed where the municipality has been reasonably apprised of the occurrence of the incident from which the claim results and, by such notice, with the exercise of proper diligence, the municipality could have apprised itself of the circumstances relating to the incident."

It is the insistence of counsel for appellant that Clay County is immune from this type of action, it being argued that the cause of action arises out of and is predicated upon an assault and battery by a Deputy Sheriff in the course of his employment during an arrest which resulted in the death of the one sought to be arrested.

Counsel insists that Section 23–3311, T.C.A. is applicable in this case and that the allegations of the complaint bring the case within the provisions of subsection (2) of the section which provides that governmental immunity is not waived when the injury "arises out of false imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, intentional trespass .  .  . or civil rights  .  .  ."

It is pointed out by counsel for the appellant that our Supreme Court decided the case of *Potter v. City of Chattanooga* on October 10, 1977, subsequent to the judgment in the case at bar, which case is published in 556 S.W.2d 543.

The opinion in *Potter,* written by Chief Justice Cooper, recites that the suit was brought against the City to recover for injuries arising out of an alleged false arrest of plaintiff and a subsequent battery allegedly committed by the City's agent after plaintiff was taken to the City Jail. The Law Court of Hamilton County dismissed the complaint and the Supreme Court held the City was immune from liability for such alleged injuries.

It is pointed out in the opinion that the plaintiff was found sitting in her car by a police officer who discovered that she had a bottle of alcohol in her automobile, whereupon, he arrested her and charged her with public drunkenness but no test was made and she denied that she was intoxicated; that after being booked and after making a telephone call to a friend, "defendant's agent seized complainant and forcibly

dragged her without cause back into the cellblock area, whereupon, complainant becoming frightened and crying out, defendant's agent became unruly and forcibly threw complainant about the cell, beating her about the face, causing complainant to receive lacerations and broken bones and causing her dentures to be broken beyond repair, and causing her to sustain bleeding of the ear which continued for a period of several days."

The Court concluded that the injuries for which recovery was sought arose out of false arrest and battery and came within the exceptions to municipal liability set forth in T.C.A. § 23–3311, hence, the judgment of the Trial Court was affirmed.

It is argued by counsel for plaintiff-appellee that the case at bar is not an action for false arrest, intentional trespass, or invasion of civil rights, citing *Gittlemacker v. Prasse,* C.A.Pa., 428 F.2d 1, where it was said:

"A tort committed by a state official acting under color of law is not, in and of itself, sufficient to show an invasion of a person's rights under the statute, and it follows that mere negligence alone will not support a claim." (14 C.J.S., Sec. 93)

To like effect is *Aldridge v. Mullins,* 474 F.2d 1189 (Tenn.).

It is further to be observed that in *Potter v. City of Chattanooga,* supra, the plaintiff was intentionally and purposefully injured and abused by the police officer of Chattanooga after the arrest was made and there was apparently a clear violation of the civil rights of the one arrested and it is logical to conclude that T.C.A. § 23–3311(2) shows an obvious legislative intention to exclude only *intentional* tort cases.

■ It is to be observed that in the case at bar the Trial Judge found that the charge of negligence on the part of the arresting officer as the proximate cause of Anderson's death was sustained and we concur in his conclusion since the evidence clearly does not preponderate against this finding of fact.

By the second assignment it is charged that the record does not show that Clay County failed to exempt itself from the provisions of the statute and it is argued that in the absence of proof by the appellee in this regard, it must be assumed that appellant, Clay County, was exempt, citing *Cooper v. Rutherford County,* 531 S.W.2d 783 (Tenn.1975), where the Court said:

"We assume Rutherford County to be exempt pursuant to T.C.A. § 23–3303 by the failure of appellant to raise the issue in response to the County's plea of governmental immunity."

In the case at bar the issue was raised and there is evidence in the record with respect to the matter of exemption in the testimony of Judge Frank Halsell, Judge of the Clay County Court, who testified that he had served in the capacity of County Court for ten years and was duly qualified and acting County Judge of Clay County at the time, and that he was Judge on December 13, 1974 at the time the accident in question arose; that he was sure that he was in his office at the time and that he probably heard of the shooting death of Glynn Anderson on the day it happened, or, at least, on the day following the incident; that as County Judge, he was Chairman of the Quarterly County Court of Clay County and, when asked if during the months preceding January 1, 1975 there was introduced any petition or act or any motion to exempt the government of Clay County from the provisions of the chapter dealing with the Tennessee Governmental Tort Liability Act of 1973, he answered that there was not to his knowledge. He was also asked if after he learned of the shooting incident concerning Deputy Hayes, he knew that Hayes was a Deputy Sheriff in Clay County, and he answered: "Yes, sir, I did."

Judge Halsell was asked if he read the newspaper after the shooting occurrence concerning the incident, and he answered: "Well, yes, I think I read the newspaper but I can't tell you exactly what it said."

He also testified that he received a letter from Attorney R. L. Johnson of Gainesboro, advising him that Lenarta Anderson was

**950**

claiming damages not only against Hayes but also against Clay County as a result of this shooting. He was asked if he remembered who it was that was killed, and he answered: "Mr. Glynn Anderson," and he stated that he had understood that Willard Hayes was the one who shot him.

■ It appearing without dispute that the Chairman of the County Court, in effect, stated that no action was taken by the County through its elected representatives to exempt the County from the provisions of the Act in question, certainly, the Trial Judge in the case at bar was justified in his conclusion that the County had not by resolution or otherwise exempted itself.

■ With respect to the statutory provisions regarding notice to the County, it appears that there was sufficient evidence before the Court to support the conclusion of the Trial Judge that the responsible County officials had been reasonably apprised of the occurrence of the incident from which the claim resulted and that by such notice, with the exercise of proper diligence, the municipality (the County) could have apprised itself of the circumstances relating to the incident.

■ It is to be observed that this case, having been tried by the Circuit Judge without a jury, comes to us for a hearing de novo with a presumption of correctness as to all findings of fact unless the evidence preponderates against said conclusions of fact. § 27–303, T.C.A.; *Allen v. Goldstein*, 40 Tenn.App. 308, 291 S.W.2d 596. And, as has been stated in several of our cases, notably *Mathis v. Campbell*, 22 Tenn.App. 40, 117 S.W.2d 764, the findings of the Trial Judge are entitled to great weight on appeal.

From a consideration of this record we are convinced that the Trial Judge reached the right conclusions as to the facts and law. It, therefore, results that the assignments of error are overruled and the judgment of the Trial Court is affirmed.

AFFIRMED.

TODD and DROWOTA, JJ., concur.