736 S.W.2d 603 (1987)
Nancy JENKINS, Plaintiff-Appellant,
v.
LOUDON COUNTY, Defendant-Appellee.
Supreme Court of Tennessee, at Knoxville.
September 14, 1987.
Peter Alliman, Madisonville, for plaintiff-appellant.
Harvey L. Sproul, Lenoir City, for defendant-appellee.

*604 OPINION
DROWOTA, Justice.
An issue of first impression is presented by this case. Application for Permission to Appeal was granted to determine whether the Tennessee Governmental Tort Liability Act, T.C.A. §§ 29-20-101, et seq. (GTLA), supercedes T.C.A. §§ 8-8-301 through 8-8-303, which provide a waiver of immunity to suit against a county to recover damages caused by wrongful conduct of a sheriff's deputy. Plaintiff, Nancy Jenkins, brought this action to recover on a judgment awarded in Federal Court for violation of her civil rights by a deputy sheriff employed by Defendant, Loudon County. The trial court dismissed Plaintiff's suit upon Defendant's Motion to Dismiss and the Court of Appeals affirmed because it found that the GTLA impliedly repealed T.C.A. §§ 8-8-301 through 8-8-303.

I
On September 17, 1982, Plaintiff was awarded a judgment in United States District Court against Voyd Carruth, a deputy sheriff in Loudon County, for violation of her civil rights under 42 U.S.C. § 1983. Loudon County was not a party to the action in the Federal District Court.[1] The judgment for $10,000, plus interest and costs, was affirmed by the United States Sixth Circuit Court of Appeals on May 1, 1984. On November 13, 1984, the Federal District Court also awarded Plaintiff $9,256 in attorney's fees pursuant to 42 U.S.C. § 1988. Her total award exceeds $20,000. The incident out of which the civil rights action arose occurred on February 10, 1981. On June 4, 1984, Plaintiff commenced this suit, alleging that she had recovered damages in Federal Court and seeking recovery from Loudon County under T.C.A. §§ 7-51-202 and 8-8-302. The Defendant filed a Motion to Dismiss on November 13, 1984, relying on the GTLA. An affidavit in support of Defendant's Motion was also filed, reciting the fact that Loudon County never took any action to exempt itself from the application of the GTLA. Plaintiff filed a Motion for Summary Judgment on June 24, 1985, but on July 10, 1985, the trial court granted Defendant's Motion to Dismiss. An Order of Dismissal was entered on August 1, 1985, and Plaintiff filed her Notice of Appeal on August 10, 1985.
Treating the case as a summary judgment under Rules 12.03 and 56, T.R.C.P., the Court of Appeals affirmed the action of the trial court. Finding that because the GTLA was passed after the provisions of T.C.A. §§ 8-8-301, et seq., were enacted and that an irreconcilable conflict existed between the two acts, the Eastern Section concluded that a repeal by implication resulted from the enactment of the GTLA. The Court below also reasoned that because the GTLA specifically excludes civil rights claims from the operation of the GTLA under T.C.A. § 29-20-205, immunity from such suits has not been waived. We now reverse the trial court and the Court of Appeals on this issue.

II.

A.
The Constitution of this State permits the Legislature to direct the manner in which "[s]uits may be brought against the State... ." Article I, § 17, Tennessee Constitution. Numerous statutes have been passed pursuant to this provision of the State Constitution. By 1884, the law in Tennessee was "settled ... that municipal corporations of the character of our counties are not liable to a private action, at the suit of a party injured by a neglect of its officers to perform a corporate duty, unless such action is given by statute." White's Creek Turnpike Co. v. Davidson County, 82 Tenn. 73, 73-74 (1884).[2] Absent *605 any statutory waiver of the county's immunity, the liability of a county sheriff for the misconduct of a deputy was determined by the common law. Ivy v. Osborne, 152 Tenn. 470, 473, 279 S.W. 384, 384 (1925). Cf. Coffman v. City of Pulaski, 220 Tenn. 642, 422 S.W.2d 429 (1966) (stating general rule of immunity). At common law, the sheriff was personally liable "to persons aggrieved by official wrongs of his deputy." Metropolitan Government of Nashville and Davidson County v. Poe, 215 Tenn. 53, 73, 383 S.W.2d 265, 274 (1964) (citations omitted). See also Shelby County Civil Service Merit Board v. Lively, 692 S.W.2d 15, 17 (Tenn. 1985). To provide security for the sheriff's personal liability, the sheriff obtained a bond pursuant to the requirements of what is now T.C.A. § 8-8-103. Originally, this bond was "a private bond, payable to the sheriff, and for his protection against liability for the official misconduct of the deputy." Ivy v. Osborne, supra, 152 Tenn. at 473, 279 S.W. at 385.
As the office of the sheriff has evolved, statutory provisions have modified this common law liability, and in 1972, Chapter 800, 1972 Public Acts, now codified as T.C.A. §§ 8-8-301, et seq., was enacted, providing that "[n]o sheriff, whether elected or appointed, nor any surety on his bonds, shall be liable for any wrongs, injuries, losses, damages or expenses incurred as a result of any act or failure to act on the part of any deputy appointed by said sheriff, whether said deputy is acting by virtue of office, under color of office or otherwise." In Grundy County v. Dyer, 546 S.W.2d 577 (Tenn. 1977), this Court found "that [T.C.A. § 8-8-301] operates to relieve the sheriff and his surety from liability for the acts of his deputy whether the deputy is `acting by virtue of office, under color of office or otherwise.'" 546 S.W.2d at 580. The Court then observed that the liability of the sheriff had been shifted to the county to a limited extent:
"It is equally clear that [T.C.A. § 8-8-302] authorizes suit against the County based on the acts of a deputy sheriff if, but only if, the deputy is at the time `acting by virtue of, or under color of his office.'
"The ensuing section [T.C.A. § 8-8-303] waives the immunity of the county as to such suits but only to the extent of the amount of the sheriff's surety bond."
Id. (emphasis in original). See also Rogers v. Anderson, 580 S.W.2d 782, 783 (Tenn. 1979).
While Chapter 800, 1972 Public Acts, was enacted by the 87th General Assembly, the following year, Chapter 345, 1973 Public Acts, was enacted by the 88th General Assembly. Chapter 345 is presently codified at T.C.A. §§ 29-20-101, et seq. The GTLA was not effective until January 1, 1974, and, as originally enacted, contained a provision permitting "[a]ny government entity [to] exempt itself from ... this chapter by action of its legislative body if such action is taken by January 1, 1975...." This Court commented on the passage of the GTLA in Johnson v. Oman Construction Co., Inc., 519 S.W.2d 782 (Tenn. 1975), and concluded that "[w]e do not regard this statute as dealing with the subject in a complete or comprehensive manner." 519 S.W.2d at 786. The GTLA applies only to those government entities as defined in T.C.A. § 29-20-102, which does not include the State itself or its agencies and includes only the political subdivisions of the State and their agencies. See Tennessee Department of Mental Health and Mental Retardation v. Hughes, 531 S.W.2d 299, 300 (Tenn. 1975).[3] Moreover, the jurisdiction of a court of equity to abate a nuisance created and maintained by a municipality is not affected by the GTLA. See, e.g., Pate v. City of Martin, 586 S.W.2d 834, 836 (Tenn. App. 1979). Cf. Dean v. Bays Mountain Park Assoc., 551 S.W.2d 702, 704-705 (Tenn. App. 1977). But cf. Smith v. City of Covington, 734 S.W.2d 327 (Tenn. App. 1985), aff'd (Tenn. 1987) (Per Curiam) (Suit for damages). In addition, in Johnson v. Oman Construction Co., Inc., supra, the Court also remarked that it "does not regard with favor the doctrine of sovereign *606 immunity as applied to municipal or county governments." 519 S.W.2d at 786.
Subsequent to Johnson, the 89th General Assembly enacted Chapter 252, 1975 Public Acts, to amend the GTLA by eliminating the local exemption option. T.C.A. § 29-20-103(b) makes the GTLA applicable "to all governmental entities as defined herein, provided that as to those governmental entities exempting themselves, as provided for in the preceding subsection, this chapter will not apply to claims or actions arising after January 1, 1976." Following this amendment, this Court decided Cooper v. Rutherford County, 531 S.W.2d 783 (Tenn. 1975). The Court noted the 1975 amendment and observed that the law in this area was still being modified and developed by legislation and thus refrained from carrying through with the implications of Johnson for government subdivisional immunity because it appeared that adequate statutory remedies were being provided by the Legislature to victims of the torts of governmental entities and employees; however, as Justice Henry observed in his dissent in Cooper, referring to Johnson, legislative abrogation of the option of local governmental entity exemption from the operation of the GTLA "made the law uniform but did not make it comprehensive." 531 S.W.2d at 786. The 1975 amendment has the effect of rescinding any exercised exemption option and places all governmental entities, as defined by the GTLA, within the operation of that statute.[4]
In 1976, the 89th General Assembly also amended what is now codified as T.C.A. § 8-8-303. Chapter 775, 1976 Public Acts, extends the sheriff's immunity contained in § 8-8-301 to include "any wrong, injury, loss, damage, or expense resulting from any act or failure to act on the part of any special deputy appointed by the sheriff, but not employed by the sheriff or the county" and requires such a person so damaged "to pursue his or her remedy therefor against such special deputy and/or the employer or employers of such special deputy, whether the special deputy is acting within the scope of his employment or not;" however, "[s]aid immunity from suit shall not apply in the case of special volunteer or reserve sheriff's deputies while performing official law enforcement duties under supervision or direction of the sheriff." Thus the same Legislature that made application of GTLA uniform throughout the State also enacted an amendment to T.C.A. §§ 8-8-301, et seq. Again, in 1977, the 90th General Assembly passed Chapter 270, 1977 Public Acts, amending T.C.A. § 8-8-103, the sheriff's bond provision.
Additional amendments to the GTLA have ensued since 1975 and are further indicia of legislative intent regarding the scope of this statutory scheme. In particular, Chapter 301, 1985 Public Acts, provides in pertinent part that "[t]he provisions of this chapter shall not be construed to prohibit or limit a governmental entity from purchasing a policy or contract of insurance in such amounts of coverage as it deems proper for liabilities which may arise under federal law," but such a policy is not "a waiver of any immunity provided in this chapter ... for any claims arising under state law." T.C.A. § 29-20-404(b) (Supp. 1986). The next year, the 94th General Assembly enacted Chapter 730, 1986 Public Acts, codified at T.C.A. § 29-20-406, authorizing "[a]ny sheriff or group of sheriffs ... to purchase insurance or enter into agreements to insure such sheriff and any or all of his employees against all or any part of their personal liability for injury or damages arising as a result of the act or omission of any such sheriff or employee." T.C.A. § 29-20-406(b) (Supp. 1986).[5]

B.
In determining the effect of the GTLA on T.C.A. §§ 8-8-301, et seq., we are guided *607 by the rules and conventions of statutory construction. A recent case restated the law concerning implied amendment or repeal:
"The rule may be stated that where two acts conflict and cannot be reconciled, the prior act will be repealed or amended by implication to the extent of the inconsistency between them, and a `special statute or a special provision of a particular statute controls a general provision in another statute or general provision in the same statute.'"
State Department of Revenue v. Moore, 722 S.W.2d 367, 374 (Tenn. 1986). Nevertheless, we emphasize that "[r]epeals of statutes by implication are not favored and there must be an irreconcilable conflict or repugnancy between the latter statute and the earlier statute that is plain and unavoidable to work a suspension of an earlier statute." Oliver v. King, 612 S.W.2d 152, 154 (Tenn. 1981) (citations omitted).
Furthermore, "`[a]s a general proposition Code provisions in pari materia ... must be construed together, and the construction of one, if doubtful, may be aided by the consideration of the words of and legislative intent indicated by the others.'" Neff v. Cherokee Ins. Co., 704 S.W.2d 1, 2 (Tenn. 1986) (citation omitted). Thus, "[i]f there is no conflict between former laws or statutes and a subsequent law or statute and the earlier and later laws involve the same subject matter, they will be construed in pari materia. If there is an irreconcilable conflict, the former laws are repealed by implication." Strader v. United Family Life Ins. Co., 218 Tenn. 411, 416, 403 S.W.2d 765, 767 (1966) (citations omitted; also citing what is now T.C.A. § 1-3-103). Moreover, as stated in Neff v. Cherokee Ins. Co., supra, 704 S.W.2d at 3, "we are also guided by T.C.A. § 1-3-103 ... which provides that conflicts among Code provisions are to be resolved so that each provision prevails as to subjects within the special purview of the relevant chapter or title."
Consequently, the determinative issue is whether the subject matter covered by T.C.A. §§ 8-8-301 through 8-8-303 is entirely embraced in the statutory scheme of the GTLA. In Chapman v. Sullivan County, 608 S.W.2d 580 (Tenn. 1980), this Court did observe that the GTLA
"was passed in an attempt to avoid the confusion experienced by states that had judicially revoked the doctrine of sovereign immunity... . It was intended to apply uniformly to cities and counties but not to the State of Tennessee... . [T]he Act and its legislative history lead us to the conclusion that a comprehensive scheme was the order of the day."
608 S.W.2d at 582 (citations omitted). The comprehensive scope of the GTLA is apparent in such provisions as T.C.A. § 29-20-104, which refers to a number of statutes displaced by the GTLA; however, the subjects covered by each referenced statute are specifically addressed elsewhere in the GTLA and these displaced provisions (T.C.A. §§ 7-31-103, 7-31-112, 7-51-202[6] and 7-51-203) addressed liability for negligence by governmental entities or their employees and authorized the purchase of insurance to cover the liability exposure. Before the 1975 amendment to the GTLA was enacted, T.C.A. § 29-20-104(a) provided that "all other acts or statutes in conflict with the provisions of this chapter shall only be applicable to governmental entities exercising their right not to come under" the GTLA, but T.C.A. § 29-20-105 goes on to exclude actions in eminent domain under T.C.A. §§ 29-16-123 and 29-16-124 from operation of this statute and T.C.A. § 29-20-106 provides that workers' compensation actions remain outside the scope of the GTLA. Numerous exceptions also appear in T.C.A. § 29-20-205 as well.
We recognize that "`[i]t would be utterly impractical, if not impossible, to require of a legislative act that it contain apt reference to every law which the act might possibly touch.'" Chicago & Southern Air Lines, Inc. v. Evans, 192 Tenn. *608 218, 224, 240 S.W.2d 249, 251 (1951) (citation omitted). Regardless, as stated in Sutherland on Statutory Construction (Sands 4th ed.), "[t]he point of the rules of interpretation is to give harmonious effect to all acts on a subject where reasonably possible... . Where the repealing effect of a statute is doubtful, the statute is strictly construed to effectuate its consistent operation with previous legislation." Section 23.10 (emphasis in original). A presumption exists that statutes are not repealed by implication because the Legislature "is presumed to have knowledge of the state of the law on the subject under consideration at the time it enacts legislation." Equitable Life Assurance Co. v. Odle, 547 S.W.2d 939, 941 (Tenn. 1977). See generally Sutherland, supra, §§ 23.10, 45.12, 51.01. Considering the post-GTLA amendment to T.C.A. §§ 8-8-301, et seq., the repealing effect of the GTLA as it might relate to T.C.A. §§ 8-8-301, et seq., is unclear. We now examine the scope of the GTLA.
The GTLA codified the general common law rule that "all governmental entities [are] immune from suit for any injury which may result from the activities of said governmental entities," T.C.A. § 29-20-201, and this section also "abolishe[s] the ... distinction drawn between `proprietary' and `governmental' functions of local governments as related to tort claims." Fretwell v. Chaffin, 652 S.W.2d 755, 756 (Tenn. 1983). After stating the general rule of immunity, removal of immunity is provided in specific instances. See, e.g., T.C.A. §§ 29-20-202 (negligent operation of vehicles but continuing certain statutory exceptions), 29-20-203 (unsafe streets and highways), 29-20-204 (dangerous structures). A general waiver of immunity from suit is then provided by T.C.A. § 29-20-205 "for injury proximately caused by a negligent act or omission of any employee within the scope of his employment," but an extensive list of exceptions to this removal of immunity is appended to this section, including any injury that "[a]rises out of false imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of right of privacy, or civil rights... ." T.C.A. § 29-20-205(2). These exceptions and the others contained in this provision make it evident that, while the Legislature did envision a comprehensive scheme, the scope of the GTLA is generally intended to exclude intentional torts as well as certain other torts involving intervening events (riots, etc.) or discretionary or necessary governmental activities.[7]See Potter v. City of Chattanooga, 556 S.W.2d 543, 544-546 (Tenn. 1977); Anderson v. Hayes, 578 S.W.2d 945, 949 (Tenn. App. 1978). Cf. O'Neal v. DeKalb County, 531 S.W.2d 296, 298 (Tenn. 1975) (Actions for negligence, as distinguished from actions for misconduct of deputies, are brought under GTLA). We can only conclude that if a specific or special statute provides for a remedy and waiver of immunity for injuries that are expressly excluded from the operation of the GTLA, then those remedies would not be affected by the GTLA because they cannot conflict with the statutory scheme of the GTLA and are separate from it, regardless of whether these statutes were enacted before or after the GTLA.
"It is well settled that where the later statute does not cover or embrace all of the provisions of the earlier one, and does not manifest a clear and unmistakable intention to provide and substitute a new system for the old, the provisions of the earlier act not clearly covered by the later one are unaffected and still in force, and the repeal operates only to the extent of the repugnance and conflict."
Balden v. State, 122 Tenn. 704, 721, 127 S.W. 134, 139 (1909).
The legislative history and the overall structure of the GTLA itself support the result in this case. As seen above, the general scope of the GTLA does not by *609 its express terms encompass every tortious act or omission by governmental entities or employees; thus, it necessarily leaves significant areas of activities either protected by immunity or subject to independent bodies of law. The Legislature has continued to modify and develop the remedy provided in T.C.A. §§ 8-8-301, et seq., by enacting a subsequent amendment to these statutes despite the existence of the GTLA. The general provisions of the GTLA do not supercede the specific provisions of T.C.A. §§ 8-8-301, et seq., as they relate to misconduct of sheriff's deputies, except to the extent that T.C.A. §§ 8-8-301, et seq., could extend to actions for negligence under T.C.A. § 29-20-205.[8] Further, recent amendments to the GTLA recognize that liability under other bodies of law can arise. See, e.g., T.C.A. § 29-20-404(b). Cf. T.C.A. § 29-20-406(b). We think that the pattern of amendments both to T.C.A. §§ 8-8-301, et seq., and to XX-XX-XXX, et seq., are "declaratory of the original legislative intent," Fretwell v. Chaffin, supra, 652 S.W.2d at 757, regarding the scope of the GTLA and the continued viability of the remedies provided by T.C.A. §§ 8-8-301, et seq.[9] Actions for the non-negligent misconduct of deputies do not "aris[e] pursuant to" the GTLA, T.C.A. § 29-20-104(b), and may therefore be covered by T.C.A. § 8-8-301, et seq., in the appropriate cases.

C.
Subsequent to the enactment of the GTLA, several cases arose involving T.C.A. §§ 8-8-301, et seq. In O'Neal v. DeKalb County, supra, the issue faced by this Court was the proper venue for actions brought under these provisions. 531 S.W.2d at 297-298. In that case, we were aware of the existence of the GTLA but recognized that T.C.A. § 8-8-302 was "itself a limited revocation of governmental immunity." Id., 531 S.W.2d at 298. In discussing the scope of the remedies provided by these separate statutory schemes, we contrasted actions to recover damages due to the misconduct of deputies from those to recover for negligence. Id. Although not directly presented as an issue, we found no inconsistencies between the two remedies, despite our recognition that the GTLA contained "more comprehensive provisions," id., and went on to permit the institution of a suit to recover under T.C.A. §§ 8-8-301, et seq., if brought in the proper county. Id.
Two years later, Grundy County v. Dyer, supra, was decided by this Court. That case is analogous to the case sub judice. The plaintiff in Grundy County was attempting to recover on a judgment obtained against a deputy sheriff for civil rights violations. Referring to O'Neal v. DeKalb County, supra, the Court reiterated "that [T.C.A. § 8-8-302] sanctions suits against counties for the misconduct of deputies and represents a waiver of governmental immunity." 546 S.W.2d at 580. The Court further stated
"that the statutory scheme basically contemplates a direct action against the county. We do not feel, however, that it operates to preclude an action on a judgment obtained against a deputy in another jurisdiction, provided, proof of liability and damages are determined in an adversary proceeding with full opportunity to the county to participate."
546 S.W.2d at 581.
Just as in Grundy County, despite the fact that Plaintiff in this case has obtained a judgment against the deputy, Defendant was not a party to the Federal Court action and thus, "[o]n remand, [Loudon County] may litigate liability and damages [in] the same manner and to the same extent as if the Federal Court judgment had not been awarded." 546 S.W.2d at 582. Moreover, "[o]n remand, a viable issue will also be whether the deputy was `acting by virtue of, or under color of his *610 office,' a condition precedent to the recovery of any judgment against [the county]. This is a substantial issue of fact." Id. Cf. Home Insurance Co. v. Leinart, 698 S.W.2d 335, 336-337 (Tenn. 1985) (Unlitigated issues remained despite Federal Court judgment; discussion of "under color of law").[10]
Although, as previously stated, the issue in this case has never been directly presented, we think it noteworthy that several other reported cases have either construed or involved T.C.A. §§ 8-8-301, et seq., and in no case has any irreconcilable conflict with the GTLA been asserted by any party or otherwise recognized by our courts. See, e.g., Read v. Thomas, 679 S.W.2d 467 (Tenn. App. 1984); Rogers v. Anderson, supra; Anderson v. Hayes, supra; McGee v. County of Wilson, 574 S.W.2d 744 (Tenn. App. 1978). Cf. Shelby County Civil Service Merit Board v. Lively, supra.[11] We conclude that generally no inconsistency exists between the scope of the remedies provided by the GTLA for certain unintentional torts and that of T.C.A. §§ 8-8-301, et seq., for the official misconduct of deputies, except to the extent that these latter statutes could extend to actions for negligence.

III.
The rule governing repeals by implication must be carefully applied to avoid devitalizing otherwise valid enactments, and thus "the repugnance [between statutes] `must be very plain and unavoidable: Both the terms and the necessary operation of the two acts must be incapable of reconciliation before the older act will be repealed by the later one.'" State ex rel. Bolt v. Drummond, 128 Tenn. 271, 274, 160 S.W. 1082, 1083 (1913) (citation omitted). In this case, the two acts can be reconciled. The 1976 amendment to T.C.A. §§ 8-8-301, et seq., makes it evident that this specific waiver of immunity was intended to survive the more general, albeit comprehensive, application of the GTLA. Where no other applicable waiver of immunity can be found, however, the general rule of immunity embodied in the GTLA would otherwise continue to apply to any causes of action or injuries excluded from the GTLA. "Repeals by implication are never favored, and especially is this true as to an act passed to deal with a particular or special subject, while the later act is general in character." McCampbell v. State, 116 Tenn. 98, 105, 93 S.W. 100, 102 (1905) (citation omitted). See also English v. Farrar, 206 Tenn. 188, 332 S.W.2d 215 (1960); City of Chattanooga v. Jackson, 172 Tenn. 264, 111 S.W.2d 1026 (1938); Blaufield v. State, 103 Tenn. 593, 53 S.W. 1092 (1899). See generally Sutherland, supra, §§ 23.10, 51.01, 51.05.
Accordingly, we reverse the judgments of the courts below and remand this case for further proceedings not inconsistent with this opinion. Nothing in this opinion is intended to control the ultimate outcome of this suit. Loudon County is entitled to raise whatever defenses it has at law and evidence may be freely presented on both sides. The costs are divided equally between the parties.
HARBISON, C.J., and FONES, COOPER and BROCK, JJ., concur.
NOTES
[1] Plaintiff attempted to amend her Federal Court complaint to bring Defendant into that action but the Federal District Court dismissed Loudon County prior to trial because the applicable statute of limitations had run on her claim against the county.
[2] Personal liability of government employees for torts committed in the conduct of government activities was the rule prior to statutory enactments relieving employees of some of this liability. See, e.g., Johnson v. Smith, 621 S.W.2d 570 (Tenn. App. 1981); City of Memphis v. Bettis, 512 S.W.2d 270 (Tenn. 1974).
[3] Certain claims against the State per se may be asserted under T.C.A. §§ 9-8-101, et seq.
[4] Thus, whether Loudon County did or did not elect to exempt itself from the operation of the GTLA is no longer relevant. Under this amendment, any such election became inoperative after January 1, 1976. Such an exemption would have been effective only during the period prior to this date.
[5] The general rule of personal liability of government employees continues for all liability exceeding any limited statutory exposure. See, e.g., T.C.A. § 29-20-310(b). See also Johnson v. Smith, supra. Cf. XX-XX-XXX.
[6] The GTLA clearly supercedes T.C.A. § 7-51-202, one of the statutes upon which Plaintiff initially relied in this case.
[7] T.C.A. § 29-20-201(b) (Supp. 1986) provides absolute immunity for boards, commissions, etc., but under subsection (b)(2) the members of certain boards, etc., are not immune if their "conduct amounts to willful, wanton, or gross negligence."
[8] T.C.A. § 29-20-102(2) includes sheriffs and deputies in the definition of "employee." See also T.C.A. § 29-20-107 (Supp. 1986).
[9] In Sutherland, supra, § 22.26, a principle of construction is stated that "[a] repealed statute may be revived by express enactment or by implication." We do not find it necessary to determine whether that is the case under these circumstances.
[10] At the time Grundy County was decided not only could civil rights claims not be brought in Tennessee courts (nor could Plaintiff in this case have brought her civil rights action in this State), but State political subdivisions were not considered persons within the meaning of 42 U.S.C. § 1983. Neither of these obstacles to recovery exist under the present state of the law. (Whether Plaintiff's Federal Court judgment has any effect under the principles of res judicata or collateral estoppel is not an issue in this opinion. Rule 13(b), T.R.A.P.)
[11] Several Federal cases have construed these provisions, but without the benefit of a definitive State court opinion. See Willis v. Barksdale, 625 F. Supp. 411 (W.D.Tenn. 1985); Moore v. Buckles, 404 F. Supp. 1382 (E.D.Tenn. 1975). Cf. McKenna v. City of Memphis, 544 F. Supp. 415 (W.D.Tenn. 1982), aff'd, 785 F.2d 560 (6th Cir.1986).