IN THE COURT OF APPEALS OF TENNESSEE
AT MEMPHIS
February 22, 2006 Session

## WILLIAM RAL CROSS, JR. v. SHELBY COUNTY, TENNESSEE

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-003241-04      Rita L. Stotts, Judge**

_____

**No. W2005-01231-COA-R3-CV - Filed April 18, 2006**

_____

Petitioner/Appellee Cross filed a complaint in federal court against Shelby County and Shelby County Deputy Sheriff Bishoff pursuant to 42 U.S.C. § 1983. The federal court awarded Shelby County partial summary judgment and judgment as a matter of law. The action against Deputy Bishoff was heard by a jury, which awarded Mr. Cross damages and legal fees. Mr. Cross then filed a complaint in Shelby County Circuit Court alleging that, under Tennessee Code Annotated § 8-8-302, Shelby County was liable for the amount of damages awarded him in the federal court action. The trial court awarded Mr. Cross summary judgment, and Shelby County appeals. We reverse and award summary judgment to Shelby County on the grounds of res judicata.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Debra L. Fessenden, Memphis, Tennessee, for the Appellant, Shelby County, Tennessee.

Edward M. Bearman, Memphis, Tennessee, for the Appellee, William Ral Cross, Jr.

**OPINION**

This appeal arises from a matter initially commenced in federal district court pursuant to 42 U.S.C. § 1983 and under state common-law claims. In September 2002, Petitioner/Appellee William Ral Cross, Jr. (Mr. Cross) filed a complaint in federal district court against Shelby County Deputy Sheriff J. R. Bishoff (Mr. Bishoff), Shelby County, and former Shelby County Sheriff A. C. Gilless (Sheriff Gilless). In his complaint, Mr. Cross alleged that, while driving a truck in the scope of his employment with Memphis Light Gas and Water on April 18, 2002, he was pulled over by Mr. Bishoff, who was driving his personal vehicle and was not on duty. He further alleged that Mr. Bishoff was angered at Mr. Cross's inability to immediately repair a vehicle window allegedly cracked when Mr. Cross's truck "kicked up a rock." Mr. Cross alleged Mr. Bishoff arrested him,

handcuffed him in front of Bolton High School, and left him unattended and unable to protect himself while Mr. Bishoff spoke to a supervising officer. Mr. Cross further alleged that supervising deputies failed to release him when it became apparent the he had been falsely arrested by Mr. Bishoff. Mr. Cross additionally asserted that, although Mr. Bishoff was not on duty at the time of the arrest, he was acting under color of his position as a deputy sheriff. He asserted Mr. Bishoff's actions were intentional, willful, and reckless. Mr. Cross alleged violations of his Fourth and Fourteenth Amendment rights and depravation of rights under 42 U.S.C. § 1983; assault; battery; false imprisonment; and outrageous conduct.

On March 3, 3004, the federal district court granted Shelby County's motion for summary judgment on Mr. Cross's claims for outrageous conduct and official liability under 42 U.S.C. § 1983. The federal court also dismissed Mr. Cross's claims against Sheriff Gilless and against Mr. Bishoff in his official capacity. However, the court denied Shelby County's motion for summary judgment on Mr. Cross's claims for false imprisonment, assault, battery, and individual liability. During the trial of the matter, on March 16, the court granted Shelby County's oral motion for a directed verdict and judgment as a matter of law.

The remaining action against Mr. Bishoff was tried before a jury. By order of March 31, 2004, the court set out the jury award to Mr. Cross of $10,000 on the § 1983 claim; $5,000 on the assault and battery claim; $5,000 on the false imprisonment claim; and $5,000 on the outrageous conduct claim. The court awarded Mr. Cross $16,645 in attorney's fees and expenses. The federal district court entered its final order on July 8, 2004. Mr. Bishoff did not appeal.

On June 4, 2004, Mr. Cross filed a complaint in Shelby County Circuit Court alleging Shelby County was liable under Tennessee Code Annotated § 8-8-302 for the damages awarded against Mr. Bishoff in the federal lawsuit. In his complaint, Mr. Cross also alleged that the federal court's denial of punitive damages was, in essence, a finding that Mr. Bishoff's actions were not willful or reckless as a matter of law. On April 22, 2005, the trial court granted Mr. Cross's motion for summary judgment and entered a judgment in his favor in the amount of $41,645.70. Shelby County filed a timely notice of appeal to this Court on May 19, 2005. We reverse the trial court's award of summary judgment to Mr. Cross and award summary judgment to Shelby County based on res judicata.

### *Issues Presented*

Shelby County presents the following issues for our review:

(1)     Whether the statute of limitations bars the claims of the Plaintiff/Appellee.
(2)     Whether res judicata bars the claims of the Plaintiff/Appellee.

(3)     Whether the Governmental Tort Liability Act bars certain claims of the Plaintiff/Appellee.

(4)      Whether Plaintiff/Appellee's motion for summary judgment must be denied.

## *Standard of Review*

The issues raised on appeal are questions of law.  Our review of the trial court's conclusions on matters of law is *de novo* with no presumption of correctness.  *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn.2000); Tenn. R. App. P. 13(d).

## *Analysis*

We turn first to whether the doctrine of res judicata bars Mr. Cross's action in Shelby County Circuit Court.  Mr. Cross asserts that, pursuant to Tennessee Code Annotated § 8-8-302 (§ 302), Shelby County is liable for the damages awarded to him in federal court arising from Mr. Bishoff's wrongdoing.  Section 302 provides:

> Anyone incurring any wrong, injury, loss, damage or expense resulting from any act or failure to act on the part of any deputy appointed by the sheriff may bring suit against the county in which the sheriff serves; provided, that the deputy is, at the time of such occurrence, acting by virtue of or under color of the office.

Tenn. Code Ann. § 8-8-302 (2002).  Section 302  waives the immunity of a county as to suits arising from the acts of a deputy sheriff "acting by virtue of or under color of the office."  *Id.*; *Grundy County v. Dyer*, 546 S.W.2d 577, 580 (Tenn. 1977)    The county's immunity is waived only to the extent of the sheriff's surety bond.  Tenn. Code Ann. § 8-8-303(2002); *Grundy County,* 546 S.W.2d at 580.

Mr. Cross cites *Grundy County* and *Jenkins v. Loudon County*, 736 S.W.2d 603 (Tenn. 1987)(abrogated by *Limbaugh v. Coffee Medical Center*, 59 S.W.3d 73 (Tenn. 2001)), for the proposition that § 302 is analogous to an indemnity provision and, accordingly, may be so utilized to collect a judgment rendered in a prior proceeding.  *Grundy County* and *Jenkins* are distinguishable from the case now before this Court, however, and we disagree with Mr. Cross's contention that they stand for the proposition that § 302 is analogous to an indemnity provision.

In *Jenkins v. Loudon County*, petitioner brought an action in state court to recover damages awarded her in federal court against a deputy sheriff.  *Jenkins v. Loudon County*, 736 S.W.2d 603. The trial court entered judgment in favor of the county, and this Court affirmed, holding § 302 had been superseded and impliedly repealed by the Governmental Tort Liability Act ("GTLA").  *Id.* at 604.  The Tennessee Supreme Court reversed, however, holding § 302 had not been repealed by implication.  *Id.* at 610.  The supreme court remanded the action to the trial court, stating "[n]othing in this opinion is intended to control the ultimate outcome of this suit.  Loudon County is entitled to raise whatever defenses it has at law and evidence may be freely presented on both sides."  *Id.*

Clearly, *Jenkins* does not stand for the proposition that § 302 acts as an indemnity provision. The plaintiff in *Jenkins* was not entitled to relief under § 302 as a result of the judgment awarded to her in federal court. On the contrary, the *Jenkins* court explicitly required litigation of petitioner's claims under § 302 in state court. Moreover, the doctrine of res judicata was not an issue in Jenkins where the county had been dismissed from the federal lawsuit prior to trial because the applicable statute of limitations had run. *Id.* at 604 n.1.

Similarly, *Grundy County v. Dyer* cannot be read to hold that § 302 is analogous to an indemnity provision. In *Grundy County*, petitioner brought an action in state court under § 302 to collect a judgment entered in his favor against sheriff's deputies in federal court. *Grundy County v. Dyer*, 546 S.W.2d 577. As Mr. Cross asserts, the Tennessee Supreme Court stated in *Grundy County*,

> [w]e think that the statutory scheme basically contemplates a direct action against the county. We do not feel, however, that it operates to preclude an action on a judgment obtained against a deputy in another jurisdiction, provided, proof of liability and damages are determined in an adversary proceeding with full opportunity to the county to participate.

*Id.* at 581. In the same paragraph, however, the *Grundy County* court continued, "[w]e cannot conceive of the county being held liable on a judgment rendered in a case in which it did not participate fully and as an adversary." *Id.*

Accordingly, the *Grundy County* court held the trial court had erred in granting petitioner's motion for summary judgment and in awarding judgment against Grundy County where Grundy County was not a party to the federal action. *Id.* at 582. The court remanded the matter, holding:

> [o]n remand, Grundy County may litigate liability and damages to the same manner and to the same extent as if the Federal Court Judgment had not been awarded. Be it remembered that the Circuit Court of this state, acting under s 8--832, et seq., constitutes a forum wherein the plaintiff could obtain full and adequate relief. He elected a forum in which the county was not a proper party and could not participate since it is not a "person" or a suable entity within the meaning of 42 U.S.C. s 1983.

*Id.* (citing 42 U.S.C.A. § 1983, note 121).

In the current case, Shelby County participated as a party in the federal lawsuit; Mr. Cross included claims against Shelby County in his complaint in the federal court, but did not include a claim for relief under § 302; and Shelby County was awarded judgment as a matter of law. Mr. Cross's argument, as we perceive it, is that, under *Jenkins* and *Grundy County*, because Shelby County participated in the federal lawsuit, it is liable under § 302 for the judgment against Mr. Bishoff.

We disagree with Mr. Cross for two reasons. First, under *Jenkins* and *Grundy County*, where action against a county is precluded in a foreign forum, the county must be afforded the opportunity to litigate liability under § 302 in a Tennessee state court. Section 302 does not act as an indemnity provision where liability under the section has not been litigated. Second, *Jenkins* and *Grundy County* require not only that the county participate in the original action, but that it participate as an adversary with full opportunity to defend against the claims brought against it. In the present case, although Shelby County participated as a defendant in the federal action, Mr. Cross failed to raise a claim under § 302 and Shelby County, accordingly, was not afforded the opportunity to fully litigate issues relevant to that claim.

When *Jenkins* and *Grundy County* were decided, the plaintiffs in those cases were precluded from bringing their civil rights claims under 42 U.S.C. § 1983 in state court. *Jenkins*, 736 S.W.2d at 610 n.10. Additionally, when *Grundy County* was decided, state political subdivisions were not considered "persons" for the purposes of 42 U.S.C. § 1983. *Id.* Thus, the plaintiff in *Grundy County* could not have asserted claims against the county in the federal action. *See id.* Additionally, the *Jenkins* court specifically noted that the doctrine of res judicata was not an issue in that case. *Id.*

Unlike the plaintiffs in *Jenkins* and *Grundy County*, however, Mr. Cross was not precluded from bringing his claims against Shelby County in federal court. On the contrary, Mr. Cross's complaint in federal court included claims against Shelby County, but did not include a claim for relief under § 302. Shelby County was awarded judgment as a matter of law. We agree with Shelby County that the doctrine of res judicata bars Mr. Cross's subsequent action in state court.

The doctrine of res judicata is a "[r]ule that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action[.]" *Richardson v. Tenn. Bd. of Dentistry*, 913 S.W.2d 446, 459 (Tenn.1995)(alteration in original)(quoting Black's Law Dictionary 1172 (5th ed. 1979)). It is a claim preclusion doctrine that prohibits multiple lawsuits between "the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit." *Massengill v. Scott*, 738 S.W.2d 629, 631 (Tenn. 1987)(holding: res judicata not applicable to bar plaintiff's state law tort claims where federal court had declined to exercise pendent jurisdiction over those claims). Res judicata applies not only to issues actually raised and adjudicated in the prior lawsuit, but to "all claims and issues which were relevant and which could reasonably have been litigated in a prior action." *Am. Nat'l Bank and Trust Co. of Chattanooga v. Clark*, 586 S.W.2d 825, 826 (Tenn. 1979). It is a "rule of rest" that promotes finality in litigation. *Moulton v. Ford Motor Co.*, 533 S.W.2d 295, 296 (Tenn.1976)(quoting 2 Freeman on Judgments, § 626, 1320 (5th ed. 1925)). In order for the doctrine of res judicata to apply, the prior judgment must have been final and concluded the rights of the parties on the merits. *Richardson*, 913 S.W.2d at 459. Additionally, the lawsuits must involve the same parties and the same cause of action or identical issues. *Id.*

In this case, Mr. Cross's 2002 action in federal district court and subsequent action in 2004 in the circuit court for relief under § 302 involved Shelby County as a defendant. Both actions arose

from the same set of facts and required adjudication of identical issues. Additionally, the federal court exercised its pendent jurisdiction over the state law claims, awarding Shelby County partial summary judgment and, finally, judgment as a matter of law. The judgment of the federal court was final, and concluded the rights of the parties on the merits. Clearly, Mr. Cross reasonably could have asserted his claim for relief under § 302 in the federal action, but did not. Additionally, as noted above, § 302 is not an indemnity provision, and the county is entitled to litigate liability under the section. Res judicata precludes Mr. Cross's claim under § 302 in a subsequent action where the § 302 claim could and should have been litigated in the federal district court action where the federal court exercised pendent jurisdiction over Mr. Cross's state law claims.

### *Holding*

Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Massengill*, 738 S.W.2d at 630. In this case, Mr. Cross's claims under § 302 are precluded by the doctrine of res judicata. Accordingly, Shelby County is entitled to summary judgment as a matter of law. The judgment of the trial court is reversed, and summary judgment is awarded to Shelby County based on res judicata. This cause is remanded to the trial court for entry of judgment consistent with this opinion. Costs of this appeal are taxed to the Appellee, William Ral Cross, Jr.

In light of our disposition of this matter, it is unnecessary for us to address whether the statute of limitations bars Mr. Cross's action. We observe, however, that § 302 contains no limitations period and does not indicate when the plaintiff's cause of action accrues. *See Warnick v. Carter County*, No. E2002-00833-COA-R3-CV, 2003 WL 174754 (Tenn. Ct. App. Jan. 27, 2003) (*no perm. app. filed*). Although we decline to address this issue as advisory in light of our holding in this matter, we invite the General Assembly to consider the limitations period applicable to claims brought under Tennessee Code Annotated § 8-8-302. Shelby County's issue of whether certain claims asserted by Mr. Cross are appropriately governed by the Governmental Tort Liability Acts is pretermitted.

 

_____
DAVID R. FARMER, JUDGE