Doris W. HENSLEY, Admin. of the Estate of Dion Edward Hensley and Mona L. Hensley, Plaintiffs–Appellants,

v.

Joe C. FOWLER, Sheriff of Knox County, Tennessee, Knox County, and Exchange Mutual Insurance, Defendants–Appellees.

Court of Appeals of Tennessee, Eastern Section.

Sept. 29, 1995.

Rehearing Denied Nov. 29, 1995.

Permission to Appeal Denied by Supreme Court April 29, 1996.

J. Mikel Dixon, Knoxville, for Appellants.

John E. Owings, Chief Deputy Law Director for Knox County, Knoxville, for Knox County and Joe C. Fowler.

Keene W. Bartley, Nashville, for Exchange Mutual Ins. Co.

*OPINION*

McMURRAY, Judge.

This is a wrongful death action charging that one Terry Harbin, an alleged special deputy for the Knox County Sheriff's Department, wrongfully shot and killed Dion Edward Hensley. The defendant, Joe Fowler, at the time of the killing was the duly elected sheriff for Knox County. Plaintiffs charge the sheriff with negligence in issuing a permit to carry a weapon to Terry Harbin without requiring the statutorily mandated firearms training or a bond in the appropriate amount. The defendant, Exchange Mutual Insurance Company, issued an indemnity bond with Sheriff Fowler as the obligee. Exchange filed a third party complaint against Terry Harbin seeking to recover the amount of claims paid or expenses and attorney's fees incurred. The county is sued on the theory of respondeat superior and under the provisions of Title 8, Chapter 8, Part 3, Tennessee Code Annotated. A motion was later filed seeking an amendment to the complaint to assert a claim under Section 1983 of the Federal Civil Rights Act.

The defendants, Knox County and Sheriff Fowler filed a motion for a partial summary judgment asserting governmental immunity and that the damages sought exceeded the statutory limit established by the Govern-

mental Tort Liability Act, T.C.A. §§ 29–20–101, *et seq.* The record does not reflect that this motion was ever acted upon by the court. The defendants, Knox County and Sheriff Fowler, subsequently filed a motion to dismiss on the grounds that the complaint failed to state a cause of action upon which relief can be granted. *See* Rule 12.02, Tennessee Rules of Civil Procedure.

Apparently Sheriff Fowler's deposition was filed in opposition to the motion to dismiss. We are unable to determine from the record whether or not the trial court considered the deposition in the disposition of the case, however, for the purposes of the motion to dismiss, we will consider the deposition in our disposition of the case. Accordingly, we will treat the motion to dismiss as a motion for summary judgment and make disposition as provided by Rule 56, Tennessee Rules of Civil Procedure.

Exchange Mutual Insurance Company filed a motion for summary judgment on the grounds that there exists no issue of material fact and it is entitled to judgment as a matter of law.

The motions for summary judgment were sustained by the trial court and all "state claims" were dismissed. The court allowed the amendment to allege a cause of action under 42 U.S.C. Sec. 1983. A motion to reconsider was made and the previous order was affirmed, however, the court made the order final under the provisions of Rule 54, Tennessee Rules of Civil Procedure. This appeal resulted.

The appellant presents the following issues for our consideration:

1. Did the trial court err in dismissing the plaintiffs' claims which were based upon the "state causes of action", thereby limiting the plaintiffs' theory of recovery to allegations based upon alleged violations of the decedent's civil rights?
2. Did the court err in dismissing the defendants' surety, Exchange Mutual Insurance Company, from this action?

The appellees, Knox County and Sheriff Fowler, present the following additional issue:

1. Whether the trial court erred in allowing plaintiffs to amend their complaint one and one-half years beyond the one-year statute of limitations?

■ We will first consider the issue presented by the appellees. Rule 15.03, Tennessee Rules of Civil Procedure, at times material here, provided in pertinent part as follows:

**15.03 Relation Back of Amendments.—** Whenever the claim or defense asserted in the amended pleading *arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading,* the amendment relates back to the date of the original pleading. .... (Emphasis added).

It seems crystal clear to us that the amended pleading asserts a claim which arose out of the conduct, transaction or occurrence set forth in the original complaint. As this court noted in *Gamble v. Hospital Corp. of America,* 676 S.W.2d 340 (Tenn.App. 1984)—"Our Supreme Court has stated that Rule 15.03's 'language is so clear and unequivocal that it is virtually self-construing.'" *Karash v. Pigott,* 530 S.W.2d 775 (Tenn. 1975).

We are of the opinion that the trial court did not err in allowing the amendment.

■ As to the issues presented by the appellant, it is necessary to look to the statutory provisions which are applicable to the facts of this case.

Title 8, Chapter 8, Part 3, Tennessee Code Annotated provides as follows:

**8–8–301. Liability for wrongs of deputies—Limitation.**—No sheriff, whether elected or appointed, nor any surety on the sheriff's bonds, shall be liable for any wrongs, injuries, losses, damages or expenses incurred as a result of any act or failure to act on the part of any deputy appointed by the sheriff, whether the deputy is acting by virtue of office, under color of office or otherwise.

**8–8–302. Suits against counties for wrongs of deputies.**—Anyone incurring any wrong, injury, loss, damage or expense resulting from any act or failure to act on

the part of any deputy appointed by the sheriff may bring suit against the county in which the sheriff serves; provided, that the deputy is, at the time of such occurrence, acting by virtue of or under color of the office.

**8–8–303. Waiver of governmental immunity—Special deputies.**—(a) The governmental immunity of the county in which the sheriff serves is waived for purposes of § 8–8–302, but to an extent not in excess of the amount of the surety bond executed for that county's sheriff pursuant to § 8–8–103.

(b) Anyone incurring any wrong, injury, loss, damage, or expense resulting from any act or failure to act on the part of any special deputy appointed by the sheriff, but not employed by the sheriff or the county, shall not bring suit therefor against the sheriff or the county, and the sheriff and county shall be immune from such suits, and the plaintiff shall be required to pursue the remedy therefor against such special deputy and/or the employer or employers of such special deputy, whether the special deputy is acting within the scope of employment or not. Such immunity from suit shall not apply in the case of special volunteer or reserve sheriff's deputies while performing official law enforcement duties under supervision or direction of the sheriff.

(c) No person may serve as a special deputy unless such person proves to the appointing sheriff financial responsibility, as evidenced by a corporate surety bond in no less amount than fifty thousand dollars ($50,000) or by a liability insurance policy of the employer in no less amount than fifty thousand dollars ($50,000).

There seems to be no question but that Terry Harbin, if a deputy at all, is a special deputy as that term is used in the above quoted provisions of Tennessee Code Annotated. It would be reasonable to conclude, however, that Mr. Harbin was not a special deputy at all since T.C.A. § 8–8–303 set out above prohibits service in that capacity without the appropriate bond. It is undisputed that Mr. Harbin did not make a $50,000 bond but a $10,000 bond instead. Like Rule 15.03, Tennessee Rules of Civil Procedure, in the above provisions of the Code, the language is so clear and unequivocal that it is virtually self-construing. T.C.A. § 8–8–303(b) clearly and unequivocally grants immunity to the sheriff or the county for any wrong, injury, loss, damage, or expense resulting from the actions or inactions of a special deputy. The remedy is clearly limited to actions against the special deputy or his employer.[1]

The appellant argues that the status of Mr. Harbin as a deputy or special deputy has not been determined. We are of the opinion that there is no genuine issue of a material fact relating to the status of Mr. Harbin. The deposition of Sheriff Fowler clearly demonstrates that Mr. Harbin was not a regular deputy sheriff. Assuming *arguendo*, however, that Mr. Harbin was a regular deputy sheriff, Sheriff Fowler enjoys absolute immunity under T.C.A. § 8–8–301 supra. Title 8, Chapter 8, Part 3, Tennessee Code Annotated, supra, does not provide immunity to the county for acts of deputy sheriffs. Since, however, this action is based on negligence, we are of the opinion that a cause of action does not arise under §§ 8–8–301, *et seq.*

We construe *Jenkins v. Loudon County*, 736 S.W.2d 603 (Tenn.1987), to limit actions that arise under T.C.A. §§ 8–8–301, *et seq.*, to non-negligent causes of action. In *Jenkins*, the trial court and this court held that the enactment of the Governmental Tort Liability Act impliedly repealed the provisions of T.C.A. § 8–8–301. The Supreme Court disagreed and reversed the judgment of this court and the trial court. Justice Drowota speaking for the court observed "... the scope of the GTLA [Governmental Tort Liability Act] is generally intended to exclude intentional torts.... Actions for negligence, as distinguished from actions of misconduct of deputies, are brought under GTLA."

Actions for the non-negligent misconduct of deputies do not "aris[e] pursuant to" the GTLA, T.C.A. § 29–20–104(b), and may

---

1. In a separate action, the appellants have obtained a judgment against Terry Harbin for the wrongful death of Dion Edward Hensley.

therefore be covered by T.C.A. § 8–8–301 *et seq.*, in the appropriate case.

*Jenkins,* supra, at page 609.

The general provisions of the GTLA [Governmental Tort Liability Act] do not supersede the specific provisions of §§ 8–8–301 *et seq.*, as they relate to misconduct of sheriff's deputies, except to the extent that T.C.A. §§ 8–8–301 *et seq.*, could extend to actions for negligence under T.C.A. § 29–20–205.

*Jenkins,* supra, at page 609.

■ We construe the pronouncement of *Jenkins* as above stated to place the safety net of the Governmental Tort Liability around counties and its employees for actions based on negligence since, as noted in *Jenkins,* T.C.A. § 29–20–102(2) includes sheriffs and deputies in the definition of "employee."

T.C.A. § 29–20–205 provides in pertinent part as follows:

**29–20–205. Removal of immunity for injury caused by negligent act or omission of employees—Exceptions.**—Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury:

\* \* \* \* \* \*

(3) Arises out of the issuance, denial, suspension or revocation of, or by the failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order or similar authorization;

\* \* \* \* \* \*

We concur with the trial court's observation that the sheriff and the county enjoy absolute immunity under the undisputed factual circumstances of this case. Accordingly, we affirm the judgment of the trial court in all respects.

Costs of this appeal are taxed to the appellants and this case is remanded to the trial court for such other and further action as may be necessary to resolve the remaining issues.

FRANKS, J., and CLIFFORD E. SANDERS, Senior Judge, concur.

OPINION ON PETITION TO REHEAR

The appellant has filed a respectful motion for a rehearing in this case specifically asking us to review two issues not addressed in the court's opinion, *i.e.,* (1) that the immunity granted by T.C.A. § 8–8–303 should not apply in this case and (2) that we did not address the inclusion of Exchange Mutual Insurance Company as a defendant.

Our disposition of the case renders these issues moot. Accordingly, appellant's petition is denied at her costs.

FRANKS, J., and CLIFFORD E. SANDERS, Senior Judge, concur.