# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### December 11, 2002 Session

## ROSE F. WARNICK v. CARTER COUNTY, TENNESSEE

**Appeal from the Circuit Court for Carter County**
**No. C8203     Jean A. Stanley, Judge**

**FILED JANUARY 27, 2003**

**No. E2002-00833-COA-R3-CV**

---

This is a negligence action filed by Rose F. Warnick against Carter County ("the County") seeking damages for personal injuries arising out of an automobile accident involving the plaintiff and Keith G. Range ("Deputy Range"), a Carter County deputy sheriff, who, according to the complaint, was "acting within the course and scope of his authority as an agent, servant and employee of" the County at the time of the accident. The County filed a motion to dismiss pursuant to Tenn. R. Civ. P. 12.02(6). The trial court dismissed the plaintiff's complaint, holding that it was not filed within one year of the accident as required by the Governmental Tort Liability Act ("the GTLA"). We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL SWINEY, JJ., joined.

Thomas E. Cowan, Jr., Elizabethton, Tennessee, for the appellant, Rose F. Warnick.

Tausha M. Carmack and Patrick Ledford, Kingsport, Tennessee, for the appellee, Carter County, Tennessee.

## OPINION

### I.

The complaint in the instant case alleges that on April 14, 1997, the plaintiff was driving an automobile in Elizabethton when her vehicle was struck in the rear by a vehicle owned by the County

1

and driven by Deputy Range.  It is undisputed that, within one year of the accident, the plaintiff filed an earlier complaint ("the first complaint") against the County seeking to recover for her injuries.  The complaint in the case at bar recites that the first complaint was "dismissed without prejudice on July 27, 2000."  The instant action was filed July 27, 2001, obviously within one year of the voluntary dismissal of the first complaint, but more than four years after the accident.

## II.

The County's motion to dismiss asserts that the complaint reflects on its face[1] that the plaintiff "has failed to state a claim upon which relief can be granted."  *See* Tenn. R. Civ. P. 12.02(6).  The County relies upon Tenn. Code Ann. § 29-20-305(b) (2000) – a part of the GTLA – which provides that an "action [under the GTLA] must be commenced within twelve (12) months after the cause of action arises."[2]  It is clear under this latter statute that a GTLA suit filed more than one year after the triggering event cannot be saved by the saving statute, Tenn. Code Ann. § 28-1-105 (2000).[3]  *See **Lynn v. City of Jackson***, 63 S.W.3d 332, 337 (Tenn. 2001) (". . . the general rule in Tennessee is that saving[] statutes may not be applied to extend the period within which an action must be filed under the GTLA").

The plaintiff contends that her action is not controlled by the GTLA.  She argues that her complaint falls under Tenn. Code Ann. § 8-8-302 (2002):

> Anyone incurring any wrong, injury, loss, damage or expense resulting from any act or failure to act on the part of any deputy appointed by the sheriff may bring suit against the county in which the sheriff serves; provided, that the deputy is, at the time of such occurrence, acting by virtue of or under color of the office.

---

[1]In evaluating a Tenn. R. Civ. P. 12.02 motion, we must take as true all well-pled facts in the complaint. ***Cook v. Spinnaker's of Rivergate, Inc***., 878 S.W.2d 934, 938 (Tenn. 1994).

[2]Where the relevant dates are reflected on the face of the complaint, as they are in this case, a statute of limitations defense is appropriately asserted by way of a Rule 12.02(6) motion to dismiss. *See **Anthony v. Tidwell***, 560 S.W.2d 908, 909 (Tenn. 1977) ("A complaint is subject to dismissal under Rule 12.02(6) for failure to state a claim if an affirmative defense clearly and unequivocally appears on the face of the complaint.").

[3]Tenn. Code Ann. § 28-1-105(a) provides, in pertinent part, as follows:

> If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest.

She correctly points out that the statutory scheme of which this code provision is a part does not provide a time period within which a claim under Tenn. Code Ann. § 8-8-302 must be filed. This being the case, she contends that she is entitled to the benefit of the saving statute. She cites persuasive authority for this latter aspect of her argument. *See Eason v. Memphis Light, Gas & Water Div*., 866 S.W.2d 952, 955-56 (Tenn. Ct. App. 1993). If she is correct that the saving statute applies to her cause of action, her complaint was timely filed since it was filed within one year of the voluntary dismissal without prejudice of the first complaint.

### III.

The issue before us is whether the plaintiff's complaint falls within the GTLA, as the County argues, or under Tenn. Code Ann. § 8-8-302, as the plaintiff contends. Our research leads us to the conclusion that the GTLA applies to the plaintiff's complaint and that the trial court was correct in dismissing her action as time-barred.

### IV.

The interplay between the GTLA and the statutory scheme[4] of which Tenn. Code Ann. § 8-8-302 is an integral part was examined by the Supreme Court in *Jenkins v. Loudon County*, 736 S.W.2d 603 (Tenn. 1987). In *Jenkins*, the plaintiff sued Loudon County, alleging that she had recovered a judgment in a federal court against one of the county's deputy sheriffs. *Id*. at 604. She sought to impose liability on the county pursuant to the provisions of Tenn. Code Ann. § 8-8-302 for the deputy's violation of a federal civil rights statute, 42 U.S.C. § 1983. *Id*. The trial court granted the county's motion to dismiss. *Id*. The Court of Appeals affirmed, finding that the GTLA had repealed Tenn. Code Ann. § 8-8-302 "by implication." The Court of Appeals further "reasoned that because the GTLA specifically excludes civil rights claims from the operation of the GTLA under T.C.A. § 29-20-205, immunity from such suits has not been waived." *Id*.

On appeal, the Supreme Court reversed the two lower courts. *Id*. at 610. The High Court stated that "the determinative issue" in the case was

> [w]hether the subject matter covered by T.C.A. §§ 8-8-301 through
> 8-8-303 is *entirely* embraced in the statutory scheme of the GTLA.

*Id*. at 607 (emphasis added). The Supreme Court resolved this issue by holding that "the general scope of the GTLA does not by its express terms encompass *every* tortious act or omission by governmental entities or employees; thus, it necessarily leaves *significant areas of activities* either protected by immunity or *subject to independent bodies of law***."** *Id*. at 608-09 (emphasis added). It concluded that civil rights violations by duly-appointed deputy sheriffs continue to be controlled by Tenn. Code Ann. § 8-8-301, *et seq*.:

---

[4]Tenn. Code Ann. §§ 8-8-301, *et seq.*

> Actions for the non-negligent misconduct of deputies do not "aris[e] pursuant to" the GTLA, T.C.A. § 29-20-104(b), and may therefore be covered by T.C.A. § 8-8-301, *et seq.*, in the appropriate cases.

*Id*. at 609 (bracketing in original). In the course of its opinion, the Supreme Court made the following statement which is particularly pertinent to the facts of the instant case:

> The general provisions of the GTLA do not super[s]ede the specific provisions of T.C.A. §§ 8-8-301, *et seq.*, as they relate to misconduct of sheriff's deputies, *except* to the extent that T.C.A. §§ 8-8-301, *et seq.*, could extend to actions for negligence under T.C.A. § 29-20-205.

*Id*. (emphasis added) (footnote omitted).

In *Hensley v. Fowler*, 920 S.W.2d 649 (Tenn. Ct. App. 1995), the Court of Appeals affirmed the trial court's dismissal of a *negligence* action brought against the Sheriff of Knox County arising out of the killing of the plaintiff's intestate by a Knox County deputy sheriff. *Id*. at 649, 652. We reasoned that the plaintiff's suit was controlled by the GTLA and that "the sheriff and the county enjoy absolute immunity under the undisputed factual circumstances of [the] case." *Id*. at 652. Particularly pertinent to the facts of the case at bar, we construed the holding in *Jenkins*

> ...to place the safety net of the [GTLA] around counties and its employees *for actions based on negligence* since, as noted in *Jenkins*, T.C.A. § 29-20-102(2) includes sheriffs and deputies in the definition of "employee."

*Id*. (emphasis added).

We hold, based on *Jenkins* and our decision in *Hensley*, that the plaintiff's cause of action, *being an action for negligent operation of an automobile by a regular deputy sheriff acting in the course and scope of his employment*, is controlled by the GTLA, which supersedes Tenn. Code Ann. §§ 8-8-301, *et seq.*, as to such conduct. *See* Tenn. Code Ann. § 29-20-202(a) (2000). Since the complaint in the instant case was filed more than one year from the date of the accident, it is time-barred. *See* Tenn. Code Ann. § 29-20-305(b). *See also Williams*, 773 S.W.2d at 523.

V.

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellant Rose F. Warnick. This case is remanded to the trial court for the collection of costs assessed below, pursuant to applicable law.

_____
CHARLES D. SUSANO, JR., JUDGE