Otha S. CHAPMAN and Buddy W.
Chapman, a minor, b/n/f Otha S.
Chapman, Plaintiffs–Appellants,

v.

SULLIVAN COUNTY, Tennessee,
Defendant–Appellee.

Supreme Court of Tennessee.

Dec. 1, 1980.

Frank P. Miller, Icenhour, Wohlford &
Miller, Bristol, for plaintiffs–appellants.

Nat R. Coleman, Jr., Milligan, Coleman,
Fletcher, Gaby & Kilday, Greeneville, for
defendant–appellee.

## OPINION

DROWOTA, Justice.

This case involves the construction of the term "municipality" as it appears in T.C.A. § 23–3314. The statute provides,

A claim against a governmental entity shall be forever barred whether this statute be pled in bar of such action, unless notice thereof is filed within one hundred twenty (120) days after the cause of action arises except where the cause of action arises out of injury resulting from the operation of a motor vehicle. Any claim filed against a governmental entity shall be in the form of a registered or certified letter by United States mail to the chief administrative officer of the governmental entity against which the claim is brought; said letter shall set forth with particularity the time and the place of the incident from which the

claim arises, the nature of the injury sustained by the claimant and the amount of damage the claimant seeks.

This section shall not be strictly construed where the municipality has been reasonably apprised of the occurrence of the incident from which the claim results and, by such notice, with the exercise of proper diligence, the municipality could have apprised itself of the circumstances relating to the incident.

In this case the plaintiff alleged that Sullivan County's negligent design and construction of certain roads was a proximate cause of his injuries. Sullivan County moved for summary judgment because the plaintiff had failed to file notice with the chief administrative officer in the county within 120 days as required by the first paragraph of the statute. The motion was defended in the trial court on the grounds that Sullivan County had been ". . . reasonably apprised of the occurrence of the incident from which the claim results . . ." and that therefore the notice requirement imposed by paragraph one did not apply. Both the trial court and the Court of Appeals held that the plaintiff could not avail himself of the second paragraph of the statute. This was so, they reasoned, because the second paragraph uses the term "municipality" rather than the term "governmental entity" as used in paragraph one. It was held that since the word county is not synonymous with the word municipality, paragraph two did not apply to Sullivan County. Therefore, the plaintiff was required by paragraph one to notify the county of his claim within 120 days after his claim arose.

The Court of Appeals relied upon T.C.A. § 23–3302 which contains the definitions section of the chapter. In pertinent part that section provides,

Definitions.–As used in this chapter:

(1) The words "governmental entity" shall mean any political subdivision of the state of Tennessee including, but not limited to, any municipality, metropolitan government, county, utility district, school district, human resource agency and development district duly created

and existing pursuant to the constitution and laws of Tennessee, or any instrumentality of government created by any one or more of the herein named local governmental entities or by an act of the general assembly.

The Court of Appeals was of the opinion that this section evidenced the legislature's intent to draw a distinction between the terms "governmental entity" and "municipality."

We do not agree that this section distinguishes between these terms. At the outset we note that nowhere in the statute is the term municipality defined. If we were to hold that it means something other than all governmental entities, we would be called upon in subsequent suits to decide which terms contained in T.C.A. § 23–3302 are municipalities and which terms are not. There are other difficulties with the Court of Appeals' analysis. For example, the definitions section lists metropolitan governments as a type of governmental entity. It would seem that a metropolitan government would certainly be a type of municipality. Using the Court of Appeals approach, however, we might hold that the legislature drew a distinction between these two terms and, therefore, hold that paragraph two does not apply to metropolitan governments. In addition, the paragraph in question employs the article "the" instead of "a". By drafting the paragraph to say "the municipality" rather than "a municipality", the legislature leads the reader of the statute to believe that no distinction was intended.

■ Therefore, we think the better view is that the legislature placed the term municipality in the definitions section in an attempt to give an example of a governmental entity rather than in an attempt to distinguish between the two terms.

We are aware that *Webster's Third New International Dictionary* defines municipality as "a primarily urban political unit (as a town or city) having corporate status . . .". p. 1487. This is a consideration not to be taken lightly since we will construe a statute so as to give effect to the ordinary

meaning of each term. Sutherland, Statutory Construction § 45.04 *et seq.* (4th Ed. 1973). However, we are not convinced that there is an ordinary meaning for this term.

We find it significant that the term municipality is defined differently in different parts of the Code. In some places the legislature's definition coincides with Webster's in that it is confined to cities or towns. *See e. g.,* T.C.A. § 54–4–201(1), T.C.A. § 7–33–301(7), and T.C.A. § 7–36–102(7). In other parts of the Code, "municipality" is defined so as to include counties as well. *See e. g.,* T.C.A. § 7–52–102(9), T.C.A. § 7–84–103(5), T.C.A. § 13–16–202, T.C.A. § 42–5–102(4), T.C.A. § 42–3–102(1), T.C.A. § 48–1901, and T.C.A. § 54–5–402(2). As used in this statute, then, it cannot be said that the legislature intended one or the other of these definitions to apply. Even if we were to assume that there is an ordinary meaning of this term, it is clear that when used in our Code it means different things in different contexts.

 Once we conclude that the proper interpretation is left open to dispute, it is appropriate to turn to the legislative history of the statute for guidance. *Watts v. Putnam County,* 525 S.W.2d 488, 492 (Tenn. 1975). The statute in question was passed as part of the Tennessee Governmental Tort Liability Act. T.C.A. § 23–3301 *et seq.* The Act was passed in an attempt to avoid the confusion experienced by states that had judicially revoked the doctrine of sovereign immunity. House Debate, May 2, 1973. It was intended to apply uniformly to cities and counties but not to the State of Tennessee. *Id.* The second paragraph of the statute *sub judice* was added in response to concerns that a plaintiff might be injured and be so incapacitated that he would be unable to comply with the notice provisions. *Id.* During the debates, the terms "city", "municipality" and "governmental entity" were used interchangeably. *See e. g.,* House Debate, May 4, 1973. We have reviewed the entire legislative history of the Act on file at the State Library and Archives. There is nothing in the legislative history which indicates that the legislature intended to relax the notice requirement as to municipalities and yet maintain a rigid notice requirement as to any of the other governmental entities covered by the Act. In fact, the Act and its legislative history lead us to the conclusion that a comprehensive scheme was the order of the day.

 Accordingly, we reverse the decision of the Court of Appeals and hold that the term "municipality" as used in the second paragraph of T.C.A. § 23–3314 includes all governmental entities covered by the Act. We therefore remand this case to the trial court for a determination of whether Sullivan County did in fact have the notice required by the second paragraph of the statute.

The costs of this appeal shall be taxed against the appellee, Sullivan County.

BROCK, C. J., and FONES, COOPER, and HARBISON, JJ., concur.