Jessie Lee JOHNSON,
Plaintiff-Appellant,

v.

CITY OF MEMPHIS,
Defendant-Appellee.

Court of Appeals of Tennessee,
Western Section, at Jackson.

Aug. 5, 1985.

Permission to Appeal Denied by
Supreme Court Oct. 28, 1985.

Buckner P. Wellford, Memphis, for plaintiff-appellant.

McDonald Yawn, Staff Atty., City of Memphis, Memphis, for defendant-appellee.

HIGHERS, Judge.

The issue in this case concerns the notice provisions of the Governmental Tort Liability Act, T.C.A. § 29–20–301 *et seq.*

The plaintiff, Jessie Lee Johnson, attended a musical concert at Ellis Auditorium in Memphis on June 19, 1982. During the intermission she crossed the street between Ellis Auditorium and the Cook Convention Center in order to go to the ladies' room. She sustained injuries to her face and right hand when she fell on the sidewalk allegedly due to a raised segment of the concrete. Lighting for this area was provided by the Cook Convention Center.

The incident was brought to the attention of Guy L. Coffey when a friend helped the plaintiff back to Ellis Auditorium. Coffey was the manager of programming and operations at the Cook Convention Center. Although he was not officially on duty at the time, he was the chief supervisor on the premises. He questioned the plaintiff about the incident, gave her his card, and advised her to go to the nearby St. Joseph Hospital. Coffey further stated that the security department was responsible for reporting such incidents and that sometime after the incident, a city work crew came and repaired the sidewalk where the plaintiff fell.

The plaintiff, unaware of the 120 day notice requirement, did not contact an attorney until some seven months after the incident. The trial court dismissed the plaintiff's complaint for failure to comply with the notice requirements of the Governmental Tort Liability Act. The plaintiff appeals the dismissal.

T.C.A. § 29–20–302 provides:

Time for filing notice—Contents and form of claim.—(a) A claim against a governmental entity shall be forever barred whether or not this statute be pled in bar of such action, unless notice thereof is filed within one hundred twenty (120) days after the cause of action arises except where the cause of action arises out of injury resulting from the operation of a motor vehicle.

(b) Any claim filed against a governmental entity shall be in the form of a registered or certified letter by United States Mail, postage prepaid, to the mayor or city attorney or the chief executive officer of the municipality in which the incident occurred or to the chairman of the county legislative body, the county attorney or the chief executive officer of the county in which the incident occurred. The claimant shall state in such letter the governmental entity against which the claim is being made, the time and place of the incident from which the claim arises and the nature of the injury sustained by the claimant.

(c) This section shall not be strictly construed where the municipality should have reasonably apprised itself of the occurrence of the incident or could have done so with the exercise of proper diligence.

The plaintiff contends that because Coffey knew of the incident, and because the city repaired the sidewalk shortly after the incident, the city was apprised of the occurrence of the accident and injury. Therefore, it is argued that under subsection (c) the plaintiff was not required to file her notice within the 120 day limitation as set forth in subsection (a) of the statute.

The defendant, City of Memphis, argues that pursuant to the statute the municipality must have notice of a "claim" rather than merely of an injury. It is further the position of the city that notice must be given to the high ranking officials enumerated in subsection (b).

While it is true that subsection (a) speaks of giving notice of a "claim," it cannot be overlooked that subsection (c) refers to "the occurrence of the incident." It follows, therefore, that once the governmental entity knows or should have known of the "incident," then subsections (a) and

(b) need not be strictly construed. It seems apparent that the type of notice allowed in subsection (c), wherein the municipality "should have reasonably apprised itself" or "could have done so," is less stringent than the formal notice mandate of subsection (a).

In *Chapman v. Sullivan County*, 608 S.W.2d 580 (Tenn.1980), the court stated that subsection (c) "was added in response to concerns that a plaintiff might be injured and so incapacitated that he would be unable to comply with the notice provisions." 608 S.W.2d at 582. Obviously, however, this was not the sole purpose of the paragraph because a plaintiff's incapacity will not guarantee that the governmental entity should have or could have reasonably apprised itself of the incident. The entire section serves the further purpose of assuring the preservation of evidence. The 120 day notice is required when the governmental entity would otherwise have no notice of the incident.

In the case under consideration, the plaintiff did all that could have been done under the circumstances short of providing the formal notice of subsection (a). Mr. Coffey was the senior administrative officer on the premises. In his deposition he testified that "the entire building operated basically through my department," that he was "the head man at Cook Convention Center about deciding how the show would be put on," including making sure "that nothing was in a dangerous condition" if he was aware of it. He further testified:

Q. If anything went wrong, normally you'd be be the one they'd come to?

A. Yes, sir.

When asked why the city made repairs to the area after this incident occurred, Mr. Coffey stated: "They were notified, when I have no knowledge of." While the formal notice of subsection (a) must be sent to the mayor, city attorney, or chief executive officer of the municipality, the constructive notice of subsection (c) should be made known to the highest possible official within the chain of command so as to trigger the requirement that the city "should have

reasonably apprised itself of the occurrence of the incident or could have done so with the exercise of proper diligence." In this case, the plaintiff notified "the one" who would normally be notified if something went wrong. We hold that the notification of Mr. Coffey under these circumstances was sufficient under subsection (c) so that strict construction of the formal notice provision is not necessary.

From the foregoing it follows that the plaintiff is not barred by T.C.A. §§ 29–20–302 and 303 from pursuing her claim against the City of Memphis. The judgment of the court below is reversed and the cause is remanded for further proceedings. Costs of appeal are adjudged against the defendant.

NEARN, P.J. (W.S.), and MATHERNE, Sp. J., concur.