IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

_____

**VANDERBILT UNIVERSITY MEDICAL CENTER,**

Davidson Chancery No. 96-2566-I
The Honorable Irvin H. Kilcrease, Jr., Chancellor

Plaintiff-Appellee,

Vs.

C.A. No. A01-9712-CH-00707
*REVERSED AND DISMISSED*

**THE COUNTY OF MACON LAFAYETTE, TENNESSEE,**

John B. Ingelson of Nashville
For Plaintiff-Appellee

Defendant-Appellant,

James D. White of Celina
for Defendant-Appellant

**FILED**

March 9, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

_____

*TOMLIN, Sp. J.*

Vanderbilt University Medical Center ("Vanderbilt") filed suit in the Chancery Court of Davidson County against Macon County ("County") seeking a judgment against County in the amount of $20,671.95 for medical services rendered by Vanderbilt in Nashville to an inmate who had been in the custody of County and who had been brought to Vanderbilt for treatment. Both Vanderbilt and County filed motions for summary judgment, supported by affidavit or affidavits. Following a hearing, the chancellor denied County's summary judgment motion and granted summary judgment in favor of Vanderbilt. On appeal, County has raised two issues which are as follows:

> 1. Did the trial court err in ruling that venue was proper in Davidson County;
>
> 2. In granting Vanderbilt's motion for summary judgment.

For the reasons hereinafter stated, we are of the opinion that the action of this Court in regard to County's first issue is dispositive of this litigation, and thus we are not compelled to dispose of County's second issue. As for County's first issue, in its answer to Vanderbilt's complaint, County contended that the venue of this suit in Davidson County is improper and that if Vanderbilt had a cause of action, venue would lie in Macon County. For the reasons hereinafter set forth, we agree, and accordingly dismiss Vanderbilt's suit against County.

The basic facts are all that we need. One, James Denkoff(sp) was a prisoner in the Macon County jail in LaFayette. While a prisoner, he suffered injuries of a serious nature that resulted in his being transported from jail to the Macon County General Hospital for treatment. Because of the severity of his injuries, he was later moved by helicopter to Vanderbilt University

Medical Center. He died two days later, after incurring medical expenses in the amount of $20,671.95. Subsequently, Vanderbilt filed a complaint for a debt based upon sworn account in the Chancery Court of Davidson County. In its answer, County contended that venue did not lie in Davidson County.

Following a bench trial, the chancellor rendered judgment in favor of Vanderbilt against County. The chancellor ruled on the defense of improper venue as follows:

> Venue is proper in Nashville, Davidson County, Tennessee, due to the fact that the treatment was rendered in Davidson County, Tennessee, and the debt was incurred and due in Davidson County, Tennessee.

As we have already noted, the dispositive issue is whether or not the chancellor erred in so ruling.

Long ago, the courts of this state recognized that counties were public corporations, invested by positive law with express powers essential to their existence. Tennessee Code (1858), §§ 402-403; *H. C. Beck v. Puckett, County Judge, et al*, 2 Tenn. Cases 490, 2 Shannons 490 (1877).

Stated another way, the heart of this issue is whether or not the action brought by Vanderbilt against County was a transitory or local action. One of the early cases in our state addressing this issue is that of *Mayor, etc., of Nashville v. Webb, et al*, 85 S.W. 404 (Tenn. 1905). The facts were these: The complaint in *Webb* was filed in Davidson County to enjoin the execution of a judgment rendered against the City of Nashville in the Circuit Court of Wilson County. Previously, Webb had filed suit in the Circuit Court of Wilson County against two railroads and the City of Nashville. One railroad was served with process at its local office in Wilson County with the counter-part being issued to Davidson County for the other two defendants. The mayor of the City of Nashville was served in this fashion. Nashville did not make an appearance or defense to the suit resulting in a default judgment against it in favor of Webb.

Following the judgment, execution was issued to Davidson County. While in the hands of the Davidson County Sheriff it was enjoined by the complaint in this cause. In support of the injunction, counsel for Nashville insisted that the Circuit Court of Wilson County acquired no jurisdiction by the service of the counter-part writ above referred to, thus the judgment was void.

2

This conclusion was reached by the Chancery Court of Davidson County and also by the court of chancery appeals.

In affirming two courts, our Supreme Court stated:

> It is true, there is no statute which makes an action brought against a municipal corporation a local action: nor could there ever be a necessity for such statute. Actions may be made by statute either transitory or local. Transitory actions are such as are said to follow the person of the defendant wherever he may be found. Carlisle v. Cowan, 85 Tenn. 165, 2 S.W. 26. Such, in general, are personal actions. Actions concerning realty may be regarded in a sense as personal, inasmuch as the title thereto rests in the owner, whoever he may be, yet, in obedience to a wise public policy, such actions are usually made local by statute. But actions against municipal corporations are inherently local. These bodies cannot change their situs or their place of abode. They cannot remove from one place to another, and sojourn for a time at this point or that. They remain stationary; hence they must be sued where they are found - that is, in the county of their location. It is a misnomer, a misapplication of terms, to speak of an action against such a body as transitory, no matter what the ground may be on which the right of action rests. Such actions are not only inherently local, but it is of the greatest importance to the welfare of such bodies, and of the citizens whom they serve, that their officers should be permitted to remain at home and discharge their public duties, instead of being called hither and thither over different parts of the state to attend litigation brought against the city through the agency of counterpart writs. (citations omitted).

*Id.* at 405.

The Court noted that defendant's counsel contended that service was properly had upon Nashville pursuant to the provisions of § 4526 of Shannon's Code which provided in substance that where there were two or more defendants in a suit, plaintiff could cause counterpart summons to be issued in any county where any of the defendants were likely to found, with counterpart process issuing in the same suit. When returned, the case should be docketed as if only one process had been issued.

To this argument, the Court stated:

> It needs no argument to show that section 4526 has no application to local actions. It is perfectly obvious that a local action could not be turned into a transitory one, or one in effect transitory, by the device of uniting another person in the action, and by serving process on that person in the county in which it was desired to begin the litigation, and then issuing a counterpart writ to the locality of a defendant who could not otherwise be affected, save by an action brought in the latter county. Actions are either transitory or local, and their nature cannot be changed by the form of the process used to institute them.

*Id.* at 405.

3

In *Piercy v. Johnson City*, 169 S.W. 765 (Tenn. 1914), plaintiff filed suit against Johnson City in the Circuit Court of Unicoi County seeking damages to his lands located in Unicoi County. City defended on the ground that it was not subject to be sued out of the county of its situs. The circuit court agreed and dismissed the suit. The circuit court's judgment was reversed by the court of civil appeals. In reversing the court of civil appeals, the Supreme Court said in part:

> While it must be admitted that it is held in a great majority of English and American cases that an action for damages to real property is local, that doctrine was established over the opinion of Lord Mansfield to the contrary (Mostyne v. Fabrigas, Cowp., 161) and the views of Chief Justice Marshall in Livingston v. Jefferson, 1 Brock, 203, Fed. Cas. No. 8,411. In arguing against the soundness of the rule Chief Justice Marshall there said touching the lack of reason to support it: "I have yet to discern a reason other than a technical one which can satisfy my judgment."

*Id.* at 766.

The *Piercy* Court then concluded that its ruling was based on public policy.

In *Putnam County v. White County*, 203 S.W. 334 (Tenn. 1918), the controversy in this litigation evolved over a boundary dispute between Putnam County and White County. The suit was filed in Putnam County. The chancellor's decree was not satisfactory to either party, and both parties appealed. In considering the issue relevant to the issue in the case herein under consideration, the Supreme Court stated:

> White County demurred to the original bill filed by Putnam County in the chancery court of Putnam County on the ground that a municipal corporation such as White county could only be sued in the county in which it was located. Such is the general rule. Peircy v. Johnson City, 130 Tenn. 231, 169 S.W. 765, L.R. A. 1915F, 1029; Nashville v. Webb, 114 Tenn. 432, 85 S.W. 404, 4 Ann. Cas. 1169.
>
> An apparent exception is made to this rule in the case of a suit by one county to recover disputed territory from an adjoining county or to prevent an encroachment under an invalid statute. Such suits have uniformly been brought and entertained in the courts of the complaining county. (citations omitted).

*Id.* at 337.

Based upon the practice established by the above-noted cases, the court resolved this assignment of error in favor of Putnam County.

Courts from other jurisdictions have likewise recognized that, absent compelling

4

circumstances, a suit against a county must be brought in that county. In *Babylon Assoc. v. County of Suffolk*, App. Div., 454 N.W.2d 713 (1992), Babylon sued Suffolk for breach of contract in New York County, where Babylon had their principal place of business. This was done, notwithstanding the existence of a New York statute, CPLR No. 504, which provides that a county must only be sued in that county. The Babylon court noted that "the purpose of the venue requirement of CPLR § 504, Subd. 1, is to protect a county and its officials from inconvenience. In the absence of compelling circumstances, venue should remain in the county that is sued."

While the court noted that under New York law if it is shown that an impartial trial might not be had in a particular county, then a court has discretion to change venue under another statute. The New York Supreme Court held that Babylon failed to show that an impartial trial could not be had in Suffolk, thereby reversing the order of the trial court and transferring venue to Suffolk. While the issue in Babylon involved a state statute, nonetheless, it reflects that the rationale of such a ruling, be it statute or common law, is the same.

While one might contend that the term "municipality" would apply only to a city and not to a county, the case law of this state reveals that in our statutes and in our common law treatment of this issue the terms "county," "municipality," and "city" are treated alike as far as the localization of the causes of action. In *Chapman v. Sullivan County*, 608 S.W.2d 580 (Tenn. 1980), the issue presented there involved the construction of the term "municipality" as it appears in T.C.A. § 23-3314, better known as the Governmental Tort Liability Act. In the first paragraph of § 23-3314, the statute refers to "a claim against governmental entity . . . ." In the second paragraph of the same section, the statute refers to an incident "where the municipality has been reasonably apprised of the occurrence of the incident. . . ." Sullivan County moved for summary judgment, because plaintiff had failed to file notice with the chief administrative office of the county within 120 days as required by the first paragraph of the aforesaid statute. Both the trial court and the Court of Appeals held that plaintiff could not rely upon the second paragraph of the statute, holding that since the word "county" is not synonymous with the word "municipality," paragraph two did not apply to Sullivan County. In reversing the Court of Appeals, the Supreme Court found that there is not an ordinary meaning for this term. It stated:

> We find it significant that the term "municipality" is

> defined differently in different parts of the Code. In some places the legislation's definition coincides with Webster's and that it is confined to cities or towns (citations omitted). In other parts of the Code, "municipality" is defined so as to include counties as well. (citations omitted). As used in this statute, then, it cannot be said that the legislature intended one or the other of these definitions to apply. Even if we were to assume that there is an ordinary meaning of this term, it is clear that when used in our Code it means different things in different context.

*Chapman* at 582.

The Court then turned to the legislative history of the statute for guidance. It noted "that the act was passed in an attempt to avoid the confusion experienced by states that had judicially revoked the doctrine of sovereign immunity. It was intended to apply to uniformly to cities and counties, but not to the State of Tennessee." *Id.*

The Court then concluded that the term "municipality" as used in the second paragraph of § 23-3314 includes all governmental entities covered by the Act.

A case very nearly in point is that of *O'Neal v. DeKalb County*, 531 S.W.2d 296 (Tenn. 1975). In *O'Neal*, a resident of Hamilton County filed suit in the Circuit Court of that county against DeKalb County, the county sheriff, deputy sheriff, and surety on personal bonds of the sheriff and deputy for false arrest, false imprisonment, battery, and outrageous conduct. The gravamen of the action is that a deputy sheriff of DeKalb County arrested plaintiff, a resident of Hamilton County, in Hamilton County under an arrest warrant issued for another named party. It was further alleged that the deputy acted under color of office, in the scope of his employment by the sheriff of DeKalb County, and that defendant, Aetna Insurance, was the surety upon the personal bonds of the deputy and the sheriff for any wrongs, etc., committed by the deputy.

The trial court sustained the motion to dismiss of defendant, Aetna, pursuant to the provisions of T.C.A. § 56-1412, holding that the venue provisions thereof were mandatory and that "venue in an action against a foreign corporation as surety on a county official's bond, is exclusively in the county where the bond was made."

The Supreme Court applied the following rationale in considering the motion of defendant DeKalb County:

> The trial court sustained the motion to dismiss filed by defendant DeKalb County on the basis of the common-law rule that venue in actions against counties and municipalities lies exclusively in the county which is the situs of the defendant governmental entity. *See Nashville v. Webb*, 114 Tenn. 432, 85

6

S.W. 805 (1904). Plaintiff argues that this common-law rule has been changed by statute in Tennessee. Specifically, plaintiff insists that Tennessee Code Annotated Sections 8--833 and 20--401 support the proposition that venue in this action is properly in Hamilton County where the cause of action arose. Section 8--833 provides as follows:

> 'Anyone incurring any wrong, injury, loss, damage or expense resulting from any act or failure to act on the part of any deputy appointed by the sheriff may bring suit against the county in which the sheriff serves; provided that the deputy is, at the time of such occurrence, acting by virtue of, or under color of his office.'

Section 20--401 provides in pertinent part as follows:

> 'In all civil actions of a transitory nature, Unless venue is otherwise expressly provided for, the action may be brought in the county where the cause of action arose or in the county where defendant resides or is found. . . .' (Emphasis added.)

Plaintiff argues that since her complaint alleges a transitory cause of action (false arrest, false imprisonment, battery, and outrageous conduct) and since a specific venue provision is not included in section 8--833, the general venue provisions of section 20--401 allow this suit to be brought in Hamilton County where the cause of action arose.

We cannot accept this argument since the failure to include a specific venue provision in section 8--833 does not necessarily indicate a legislative intent to depart from the common-law rule that counties and municipalities may be sued only in the county of their situs regardless of the nature of the cause of action. Section 8--833 sanctions suits against counties for the misconduct of deputies represents a waiver of governmental immunity. See Tennessee Code Annotated Section 8--834. Thus, section 8--833 is analogous to the more comprehensive provisions of the Governmental Tort Liability Act, Tennessee Code Annotated Sections 23--3301 to 3331. In actions brought pursuant to that act, venue lies exclusively in the county which is the situs of the defendant governmental entity. Tennessee Code Annotated Section 23--3320. This provision represents the legislature's specific adoption of the common-law rule of venue with respect to a county or a municipality. To accept plaintiff's argument would thus establish two separate venue rules applicable to actions brought against counties. In actions for the misconduct of deputies under section 8--833, the application of the general venue provisions of section 20--401 would allow proper venue in any county in which the cause of action arises or where defendant resides or is found. On the other hand, in actions for negligence brought under the provisions of

7

the Governmental Tort Liability Act, section 23--3320 would fix venue exclusively in the defendant county. We do not discern any significant distinction between the two types of actions which warrants the application of different rules of venue.

While we recognize that the rule localizing suits against a county is judicial rather than legislative in origin, the legislature has now adopted that rule in actions against a county from which the Governmental Tort Liability Act has removed the defense of governmental immunity. Accordingly, we are constrained to avoid a construction of Tennessee Code Annotated Section 8--833, itself a limited revocation of governmental immunity, which would result in the application of inconsistent rules of venue in actions brought against a county. We hold therefore that in suits against a county for the misconduct of deputies under Tennessee Code Annotated Section 8--833 the common-law rule applies to fix venue exclusively in the situs of the defendant county. We therefore affirm the trial court's dismissal as to defendant DeKalb County on the ground of improper venue.

For the above reasons, this Court is of the opinion that the chancellor was in error in finding that Davidson County was the proper venue and not ruling that plaintiff's complaint should have been filed in Macon County. Inasmuch as the judgment obtained in the wrong county is void, and inasmuch as our ruling as to this issue results in a dismissal of Vanderbilt's suit, we pretermit the second issue raised by Macon.

The judgment of the chancellor is reversed, and the complaint is dismissed. Costs of this cause on appeal are taxed to Vanderbilt, for which execution may issue, if necessary. This cause in remanded to the Chancery Court of Davidson County for such other proceedings as may be necessary.

_____
**HEWITT P. TOMLIN, JR.**
**SPECIAL JUDGE**

**CONCUR:**


_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**


_____
**DAVID R. FARMER, JUDGE**